ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
BRIAN S. CHAN, State Bar No. 299926
Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7666
 Fax:  (916) 324-5205
 E-mail:  David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants Garland, Jordan, Lieber, Chavez, Sykes, Gomez, Carothers, and Lynch*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ZARAGOZA, et al.,**<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>**LYNCH, et al.,**<br><br>　　　　　　　Defendants. | 2:21-cv-02294 TLN-JDP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Date:　　　　May 19, 2022<br>Time:　　　　2:00 p.m.<br>Dept:　　　　2<br>Judge:　　　Hon. Troy L. Nunley<br>Trial Date:　Not Set<br>Action Filed: December 10, 2021 |

## INTRODUCTION

Defendants move to dismiss Plaintiff Zaragoza's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action on the grounds that the Second Amended Complaint fails to state cognizable claims for these six causes of action.  Zaragoza alleges she is the mother of Luis Aguilar, a state prisoner who was murdered two years ago by other prisoners at California State Prison, Sacramento.  Zaragoza alleges the Defendant prison officials are directly or indirectly

1

Mem. P. & A. Supp. Defs.' Mot. Partially Dismiss Second Amend. Compl. (2:21-cv-02294 TLN-JDP)

responsible for Aguilar's wrongful death, and she has brought federal claims against the Defendants on behalf of herself and the Estate of Luis Aguilar.

However, Zaragoza's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action should be dismissed because Zaragoza failed to establish that she has standing to prosecute any survival claims on behalf of the Estate of Luis Aguilar. Zaragoza alleges she is the successor in interest to the Estate because she is Aguilar's mother. However, the related case *D.G. et al., v. Lynch, et al.*, No. 2:21-cv-01890-TLN JDP, shows that Aguilar is survived by a minor daughter. If Aguilar died without a will, then Aguilar's daughter would be the sole beneficiary of his estate pursuant to the California Probate Code. Zaragoza's operative complaint does not show that Zaragoza was appointed the personal representative of the Estate or that Aguilar left a will naming Zaragoza as a beneficiary. Because there are no factual allegations that show Zaragoza is a beneficiary of Aguilar's estate, Zaragoza does not have standing to prosecute any survival claims on behalf of Aguilar's estate.

Zaragoza's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action should also be dismissed because they are duplicative of survival claims being prosecuted by the Estate of Luis Aguilar in the related *D.G.* case. In the *D.G.* case, Aguilar's daughter has raised federal constitutional law survival claims that are effectively identical to Zaragoza's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action. Only one of these two plaintiffs should be allowed to prosecute any survival claims on behalf of the decedent's estate. Otherwise, allowing both D.G. and Zaragoza to prosecute identical survival claims in two separate lawsuits could potentially result in conflicting outcomes or allow the Estate of Aguilar to double recover for the same alleged injuries.

Further, to the extent Zaragoza asserts the First, Second, Third, Fourth, Fifth, and Seventh Causes of Action on her own behalf, and not as survival claims on behalf of Aguilar's Estate, Zaragoza has failed to state a claim for those causes of action. There are no factual allegations that show the Defendants violated Zaragoza's Eighth Amendment rights.

Finally, Zaragoza's claims against unidentified Doe Defendants 1-30 should be dismissed. Proceeding on allegations against Doe Defendants is disfavored in the Ninth Circuit, and as a

2

Mem. P. & A. Supp. Defs.' Mot. Partially Dismiss Second Amend. Compl. (2:21-cv-02294 TLN-JDP)

general rule, Doe Defendants should be dismissed with leave to amend if a plaintiff can later identify a Doe Defendant in the case. Even if Plaintiff were allowed to proceed against Doe Defendants, Plaintiff's Amended Complaint has failed to address each Doe Defendant separately and set forth facts describing how each Doe Defendant personally participated in the violation of his constitutional rights.

For these reasons, the Court should dismiss Zaragoza's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action, and dismiss D.G.'s claims against Does 1-30.

## SUMMARY OF FACTUAL ALLEGATIONS

On December 12, 2019, Luis Aguilar was murdered by two other inmates while he was incarcerated at California State Prison, Sacramento. (ECF No. 25 at ¶¶ 16-20.) Aguilar was handcuffed to his chair in a dayroom, along with the other two inmates. (*Id.*) The other inmates murdered Aguilar while he was restrained and unable to run or escape. (*Id.*)

Plaintiff Zaragoza is Aguilar's mother, and she alleges she is the successor in interest to Aguilar's Estate pursuant to California Code of Civil Procedure sections 377.11 (defining a decedent's successor in interest as the beneficiary of the decedent's estate) and 377.60(a) (defining who has standing to bring a wrongful death cause of action), and California Probate Code section 6402(b) (providing that a decedent's estate passes to the parents through intestate succession if there is no surviving issue). (*Id.* at ¶ 5.)

Defendants Garland, Jordan, Lieber, Chavez, Sykes, Gomez, Carothers, and Does 1-20 were correctional officers at California State Prison, Sacramento. (*Id.* ¶¶ 6-14.) Defendant Lynch was the warden, and Does 21-30 were managerial, supervisory, and policymaking employees. (*Id.* ¶ 6 & 14.) Zaragoza alleges that Garland, Jordan, Lieber, Chavez, Sykes, Gomez, Carothers, and Does 1-20 facilitated and conspired to have Aguilar murdered by other inmates. (*Id.* ¶¶ 21-33.) Alternatively, Garland, Jordan, Lieber, Chavez, Sykes, Gomez, Carothers, and Does 1-20 were aware that the inmates who murdered Aguilar had previously assaulted another inmate who was cuffed to a chair, and they acted with deliberate indifference to the danger of harm to Aguilar by not properly supervising the dayroom where Aguilar was restrained and attacked. (*Id.* ¶¶ 21-33, & 49.) Lynch and Does 21-30 knew Garland, Jordan, Lieber, Chavez, Sykes, Gomez,

3

Mem. P. & A. Supp. Defs.' Mot. Partially Dismiss Second Amend. Compl. (2:21-cv-02294 TLN-JDP)

Carothers, and Does 1-50 were aware the other Defendants engaged in the practice of cuffing inmates to fixed objects, and knew or should have known this practice was dangerous. (*Id.* ¶¶ 34.) Zaragoza alleges Aguilar died as a direct and proximate result of the Defendants' actions, and knew or should have known Aguilar was mentally ill or had behavioral issues which necessitated he be protected from violent inmates. (*Id.* ¶¶ 46-47.)

Zaragoza currently proceeds on seven causes of action: an Eighth Amendment failure to protect claim (First Cause of Action); an Eighth Amendment failure to intervene claim (Second Cause of Action); an Eighth Amendment cruel and unusual punishment claim (Third Cause of Action); a conspiracy claim under 42 U.S.C. § 1983 (Fourth Cause of Action); an Eighth Amendment failure to train and supervise claim (Fifth Cause of Action); a Fourteenth Amendment due process claim based on the loss of familial relationship (Sixth Cause of Action); and an Eighth Amendment excessive force claim (Seventh Cause of Action).

**LEGAL STANDARD**

A defendant is entitled to dismissal of an action under Federal Rule of Civil Procedure 12(b)(6) where (1) the plaintiff has failed to state a cognizable legal theory, or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). However, a court does not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock*, 349 F.3d 1191, 1200 (9th Cir. 2003).

"Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). Moreover, "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556 n.3). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action"

4

Mem. P. & A. Supp. Defs.' Mot. Partially Dismiss Second Amend. Compl. (2:21-cv-02294 TLN-JDP)

does not satisfy the pleading requirements of Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

## ARGUMENT

**I.  PLAINTIFF ZARAGOZA LACKS STANDING AS A SUCCESSOR-IN-INTEREST TO BRING ANY SURVIVAL CLAIMS ON BEHALF OF THE DECEDENT.**

This Court should dismiss Zaragoza's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action because Zaragoza has not established that she has standing to prosecute these survival claims on behalf of the Estate of Luis Aguilar.

**A.  Zaragoza Bears the Burden of Showing She Meets California's Requirements for Bring a Survival Cause of Action.**

"In a survival action, a decedent's estate may recover damages on behalf of the decedent for injuries that the decedent has sustained." *Davis v. Bender Shipbuilding & Repair Co.*, 27 F.3d 426, 429 (9th Cir. 1994). "A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action." *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006). "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1228–29 (9th Cir. 2013) (citation omitted); *see also* Fed. R. Civ. P. 17(b) ("[C]apacity to sue or be sued shall be determined by the law of the state in which the district court is held."). California law authorizes survival actions, (Cal. Civ. Proc. Code § 377.20), but as discussed below, Zaragoza has not alleged facts showing she has standing to prosecute survival claims under California law.

**B.  Zaragoza Does Not Allege Any Facts Showing She is the Personal Representative of the Decedent's Estate.**

Under California law, if a person dies having a cause of action for injuries suffered during life, the claim "survives" to his estate. Cal. Civ. Proc. Code § 377.20. The survival cause of action passes to the decedent's personal representative or, if none, the decedent's successor in interest. *Id.* § 377.30; *Hayes*, 736 F.3d at 1229. "[A] personal representative is by definition a

5

court-appointed executor or administrator of an estate, not merely an heir, ... and ... a personal representative must be a person empowered by law to administer the decedent's estate." *Hassanati v. Int'l Lease Fin. Corp.*, 51 F.Supp3d 887, 894 (C.D. Cal. Feb. 18, 2014).

Here, Zaragoza has not alleged any facts showing she is a court-appointed executor or administrator of Aguilar's estate. Zaragoza only alleges she is the successor in interest to Aguilar's estate pursuant to California Code of Civil Procedure sections 377.11 (defining a decedent's successor in interest as the beneficiary of the decedent's estate) and 377.60(a) (defining who has standing to bring a wrongful death cause of action), and California Probate Code section 6402(b) (providing that a decedent's estate passes to the parents through intestate succession if there is no surviving issue). (ECF No. 25 at ¶ 5.) Accordingly, Zaragoza's standing to prosecute any survival claims depends entirely on whether Zaragoza is a successor in interest to Aguilar's estate.

**C. Zaragoza Cannot Show She is the Successor-in-Interest Because Aguilar is Survived by a Minor Child.**

Under California law, a successor in interest "means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11. "Beneficiary of the decedent's estate" means "[i]f the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, or to a particular item or property that is the subject of a cause of action, under the decedent's will," or "[i]f the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code...." Cal. Civ. Proc. Code § 377.10(a)-(b).

Here, Zaragoza alleges she is the successor in interest to Aguilar's estate pursuant to California Probate Code section 6402(b). (ECF No. 25 at ¶ 5.) California Probate Code section 6402(b) only applies when a decedent does not leave a will and does not have a surviving spouse who could inherit the intestate estate under Probate Code section 6401[1]. *See* Cal. Probate Code §

---

[1] When Zaragoza filed the original complaint, she attached a copy of Aguilar's death certificate, which indicated Zaragoza was never married. (ECF No. 1-2 at 4.)

6

Mem. P. & A. Supp. Defs.' Mot. Partially Dismiss Second Amend. Compl. (2:21-cv-02294 TLN-JDP)

6402. California Probate Code section 6402(b) provides that "[i]f there is no surviving issue," the entire intestate estate would pass to Aguilar's parent or parents (i.e. Zaragoza). In order for Zaragoza to be the successor in interest to Aguilar's estate pursuant to California Probate Code section 6402(b), Aguilar had to have died intestate without a will *and* without any surviving issue.

However, Aguilar apparently does have a surviving issue. In the related case *D.G. et al., v. Lynch, et al.*, No. 2:21-cv-01890-TLN JDP, Plaintiff D.G. alleges she is Aguilar's minor daughter and the successor-in-interest to Aguilar's estate. If D.G. is Aguilar's surviving issue, then D.G. would inherit the entire intestate estate pursuant to Probate Code section 6402(a), and Zaragoza could never inherit any interest in Aguilar's estate through Probate Code section 6402(b). There are no factual allegations in Zaragoza's operative complaint that challenge D.G.'s familial relationship with Aguilar, or otherwise show Zaragoza became a beneficiary of Aguilar's estate through other means.

The unpublished case *Goodwin v. California Department of Corrections and Rehabilitation* addressed a similar set of circumstances. In *Goodwin*, the decedent's mother Christine Goodwin filed a federal civil rights action against CDCR prison officials over the death of her son. *Goodwin v. California Department of Corrections and Rehabilitation*, No. C-07-1924 (JL), 2010 WL 11484527, *1-2 (N.D. Cal. Nov. 12, 2010). In addition to Ms. Goodwin, Jessica Cruz-Dominguez also brought suit as the guardian ad litem for the decedent's minor son. On summary judgment, the district court determined that Ms. Goodwin did not have standing to bring a survival action because she failed to establish she was a personal representative of the decedent's estate or a successor in interest. (*Id.* at *4.) As the *Goodwin* court explained:

> No one has established that the decedent left a will, and California Probate Code § 6402 pertaining to intestate succession states in relevant part that "the entire intestate estate if there is no surviving spouse or domestic partner, passes as follows: (a) [t]o the issue of the decedent ... [or] (b) [i]f there is no surviving issue, to the decedent's parent or parents equally." For Ms. Goodwin to be considered a "successor in interest" for the purposes of asserting a survival action, because decedent has not left a will, decedent would also have had to leave no issue. This is clearly not the case. Decedent's child, Santos Eddie C. Fitzgerald is a party to this action via his mother, Jessica Cruz-Dominguez. Because the decedent left no will, but left issue, Ms. Goodwin lacks standing to assert a survival action on behalf of the estate as a successor in interest."

7

Mem. P. & A. Supp. Defs.' Mot. Partially Dismiss Second Amend. Compl. (2:21-cv-02294 TLN-JDP)

1  (*Id.* at *5.)  The district court further determined that because Ms. Goodwin "failed to comply
2  with California law governing standing to bring a survival action[,]" she "is therefore precluded
3  from asserting such a claim arising from alleged violations of 42 U.S.C. § 1983." (*Id.* at *6.)
4  Here, Zaragoza "lacks standing to assert a survival action on behalf of the estate as successor in
5  interest" because the factual allegations of the complaint and the related *D.G.* case show "the
6  decedent left no will, but left issue…." (*Id.* at *5.)

7  Because Zaragoza's complaint and judicially-noticeable court documents show Aguilar left
8  no will and has a surviving issue, and there are no factual allegations showing Zaragoza was
9  appointed the personal representative of Aguilar's estate, Zaragoza lacks standing to assert any
10 survival claims on behalf of Aguilar's estate.  This Court should therefore dismiss Zaragoza's
11 First, Second, Third, Fourth, Fifth, and Seventh Causes of Action.

12 **II.    ZARAGOZA FAILED TO STATE ANY INDIVIDUAL CLAIMS FOR THE FIRST, SECOND,
        THIRD, FOURTH, FIFTH, AND SEVENTH CAUSES OF ACTION.**
13

14  Zaragoza ostensibly brought the First, Second, Third, Fourth, Fifth, and Seventh Causes of
15 Action as survival actions on behalf of Aguilar's estate.  However, for each of these causes of
16 action, Zaragoza also alleged that she had brought the claim "on her own behalf."  (*See* ECF No.
17 25 at ¶ 60 (First Cause of Action) ("Plaintiff ZARAGOZA brings this claim **on her**
18 **behalf** …."); ¶ 72 (Second Cause of Action) ("Plaintiff ZARAGOZA brings this claim **on her**
19 **own behalf** …."); ¶ 81 (Third Cause of Action) ("Plaintiff ZARAGOZA brings this claim **on her**
20 **own behalf** …."); ¶ 91 (Fourth Cause of Action) ("Plaintiff ZARAGOZA brings this claim **on**
21 **her own behalf** …."); ¶ 107 (Fifth Cause of Action) ("Plaintiff ZARAGOZA brings this claim **on**
22 **her own behalf** …."); ¶ 132 (Seventh Cause of Action (("Plaintiff ZARAGOZA brings this claim
23 **on her own behalf** …."). For the Fifth Cause of Action, Zaragoza also alleged that Lynch's
24 failure to train and supervise the other Defendants had injured Zaragoza's (not Aguilar's)
25 constitutional rights.  (*Id.* ¶ 106.)  However, for each of these six causes of action, there are no
26 factual allegations in the operative complaint that show the Defendants violated Zaragoza's
27 Eighth Amendment rights.  There are no factual allegations that show the Defendants failed to
28 protect Zaragoza from being harmed by inmates (First Cause of Action); failed to intervene to

8

Mem. P. & A. Supp. Defs.' Mot. Partially Dismiss Second Amend. Compl. (2:21-cv-02294 TLN-JDP)

protect Zaragoza from being harmed by inmates (Second Cause of Action); inflicted any cruel or unusual punishment on Zaragoza (Third Cause of Action); conspired to harm Zaragoza (Fourth Cause of Action); failed to train or supervise prison officials regarding the above conduct (Fifth Cause of Action); or used excessive force on Zaragoza (Seventh Amendment). (*See generally* ECF No. 25.)

Thus, to the extent Zaragoza intended to bring these causes of action on behalf of herself and not Aguilar's estate, Zaragoza's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action should be dismissed for failure to state a claim.

### III. PLAINTIFF ZARAGOZA'S CLAIMS ARE DUPLICATIVE OF CLAIMS BEING PURSUED IN A SEPARATE LAWSUIT BY THE DECEDENT'S MINOR DAUGHTER.

This Court should dismiss the Estate's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action because these federal constitutional law claims are duplicative of the Estate's federal constitutional law claims raised in *D.G., et al. v. Lynch, et al.*

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (*quoting Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3rd Cir. 1977)), *overruled on other grounds by Taylor v. Strugell*, 553 U.S. 880, 904 (2008). To determine whether a suit is duplicative, courts borrow from the test for claim preclusion. *Adams*, 487 F.3d at 689. This duplicative-action test examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689; *see also Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) ("A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (internal citation omitted). There are four relevant factors: "(1) whether rights or interests established in a prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Adams*, 487 F.3d at 689 (citation omitted). The fourth factor is the "central criterion" to examine when determining whether the

9

1   actions share the same claims. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713
2   (9th Cir. 2001).

3         Here, both this lawsuit and the *D.G.* case share the same transactional nucleus of facts,
4   involve infringement of the same rights, and will require presentation of the same evidence. Both
5   cases arise from the death of Luis Aguilar; both cases involve the same Plaintiff (the Estate of
6   Luis Aguilar) and Defendants; and both cases bring survival claims against the Defendants for
7   allegedly violating the decedent's Eighth and Fourteenth Amendment rights. (*Compare Zaragoza*
8   Second Am. Compl., ECF No. 13 (First, Second, Third, Fourth, Fifth, and Seventh Causes of
9   Action) *with* RJN Ex. A, First Amended Complaint at 8-10, 12-15 (D.G.'s First, Second, and
10  Fifth Causes of Action).) Zaragoza also filed a Notice of Related Cases in the *D.G.* case that
11  succinctly summarizes how her lawsuit and D.G.'s lawsuit share the same transactional nucleus
12  of facts, involve infringement of the same rights, and will require presentation of the same
13  evidence:

> Both of the cases arise from the stabbing death of Luis Giovanny Aguilar by inmates at California State Prison – Sacramento aka New Folsom. Both cases are suing corrections officers and/or supervisors at the prison for violations of the decedent's constitutional rights under 42 U.S.C. §1983 for failure to protect and failure to intervene as provided by Eighth and Fourteenth Amendments of the United States Constitution. Both cases allege the defendant corrections officers were deliberately indifferent to Mr. Aguilar's constitutional rights, failed to train and supervise, and perhaps were complicit in his murder. Both plaintiffs claim a familial relationship to the decedent and a violation of their rights under 42 U.S.C. §1983 and the Fourteenth Amendment due process clause. Thus, there are similarities of parties, facts, and legal issues.

20  (RJN Ex. B, Notice of Related Cases at 2 (ECF No. 11 at 2); *compare D.G.* First Am. Compl. at
21  8-10, 12-15 (First, Second, and Fifth Causes of Action) *with* ECF No. 25 at 14-29, 31-34
22  (Zaragoza's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action).)

23        Further, Defendants' rights and interests would be impaired if the Estate of Luis Aguilar
24  were allowed to prosecute the same federal constitutional law claims against the same Defendants
25  in two separate lawsuits. Again, D.G.'s and Zaragoza's federal constitutional law claims are
26  survival causes of action brought on behalf of the Estate of Luis Aguilar for injuries that occurred
27  to the decedent. *See San Diego Gas & Electric Co. v. Superior Court*, 146 Cal. App. 4th 1545,
28  1553 (2007) (citing Cal. Code Civ. Proc. §§ 377.20, 377.30). "[T]he survival statutes do not

10

Mem. P. & A. Supp. Defs.' Mot. Partially Dismiss Second Amend. Compl. (2:21-cv-02294 TLN-JDP)

create a cause of action but merely prevent the abatement of the decedent's cause of action and provide for its enforcement by the decedent's personal representative or successor in interest." *Id*. (emphasis added). If the Estate of Luis Aguilar prosecutes and prevails on its federal constitutional law claims in both lawsuits, the Estate could double-recover monetary damages for the same claims from the same Defendants, which would impair the Defendants' rights and interests in both cases.

For these reasons, this Court should dismiss the First, Second, and Fifth Causes of Action for being duplicative of the federal constitutional claims raised in the *Zaragoza* case.

### IV.  ZARAGOZA SHOULD NOT BE PERMITTED TO PROCEED AGAINST THE DOE DEFENDANTS.

Zaragoza lists thirty unidentified Doe Defendants in her complaint. (Second Am. Compl. at ¶¶ 14-15.) Proceeding on allegations against Doe Defendants is disfavored in the Ninth Circuit. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980)). "As a general rule, Doe defendants are dismissed without prejudice. Should a plaintiff later identify a Doe defendant in an active case, against whom he is able to allege a cognizable claim, he may seek leave of court to add the named defendant in an amended complaint." *Beck v. Brown*, No. 2:15-cv-01078, 2017 WL 4410168, at *7 (E.D. Cal. Oct. 4, 2017) (citing *Wakefield*, 177 F.3d at 1163; *Brass v. Cnty. of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003)). Moreover, even if Zaragoza were allowed to proceed against Doe Defendants, she "must address each Doe Defendant separately, i.e., Doe 1, Doe 2, Doe 3, etc., and must set forth facts describing how each Doe Defendant personally participated in the violation of [her] constitutional rights." *Jacobs v. CSR Reps*, No. 1:16-cv-00791, 2016 WL 4208543 at *3 (E.D. Cal. Aug. 9, 2016). Zaragoza may not attribute liability to a group of Defendants, as she has done here, but must "set forth specific facts as to each individual defendant's" deprivation of her rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Taylor*, 880 F.2d at 1045. For these reasons, Doe Defendants 1-30 should be dismissed without prejudice to Zaragoza's seeking leave to amend the complaint should the identities of such Defendants become known to her.

11

Mem. P. & A. Supp. Defs.' Mot. Partially Dismiss Second Amend. Compl. (2:21-cv-02294 TLN-JDP)

# CONCLUSION

For the foregoing reasons, Defendants ask this Court to dismiss Zaragoza's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action, and all of Plaintiff's claims against Doe Defendants 1-30.

Dated:  April 15, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General
BRIAN S. CHAN
Deputy Attorney General

*/s/ David E. Kuchinsky*
DAVID E. KUCHINSKY
Deputy Attorney General
*Attorneys for Defendants Garland, Jordan, Lieber, Chavez, Sykes, Gomez, Carothers, and Lynch*

SA2022300303
36086045.docx

12

Mem. P. & A. Supp. Defs.' Mot. Partially Dismiss Second Amend. Compl. (2:21-cv-02294 TLN-JDP)