1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JON S. ALLIN, State Bar No. 155069
   Supervising Deputy Attorney General
3  BRIAN S. CHAN, State Bar No. 299926
   Deputy Attorney General
4  DAVID E. KUCHINSKY, State Bar No. 292861
   Deputy Attorney General
5    1300 I Street, Suite 125
     P.O. Box 944255
6    Sacramento, CA 94244-2550
     Telephone:  (916) 210-7666
7    Fax:  (916) 324-5205
     E-mail:  David.Kuchinsky@doj.ca.gov
8  *Attorneys for Defendants Garland, Jordan, Lieber,*
   *Chavez, Sykes, Gomez, Carothers, and Lynch*

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11                           SACRAMENTO DIVISION

12

13

14  **ZARAGOZA, et al.,**                    2:21-cv-02294 TLN-JDP

15                            Plaintiffs,    **DEFENDANTS' REQUEST FOR
                                             JUDICIAL NOTICE IN SUPPORT OF**
16            v.                             **THEIR MOTION TO PARTIALLY
                                             DISMISS THE SECOND AMENDED**
17  **LYNCH, et al.,**                       **COMPLAINT**

18                            Defendants.    Date:         May 19, 2022
                                             Time:         2:00 p.m.
19                                           Judge:        The Honorable Troy L. Nunley
                                             Trial Date:   Not Set
20                                           Action Filed:  December 10, 2021

21

22        In accordance with Federal Rule of Evidence 201(b), Defendants request that the Court take

23  judicial notice of the following case and exhibit:

24        1.    *D.G., et al. v. Lynch, et al.*, E.D. Cal. No. 2:21-cv-1890-TLN-JDP, ECF No. 13, First

25  Amended Complaint (**Exhibit 1**).

26        2.    *D.G., et al. v. Lynch, et al.*, E.D. Cal. No. 2:21-cv-01890-TLN-JDP, ECF No. 11,

27  Notice of Related Case (**Exhibit 2**).

28

                                            1

The Court may take judicial notice of court records and filings in other litigations as matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Here, Plaintiff Ma Rosario Bueno Zaragoza has filed a complaint as the successor in interest to the Estate of Luis Aguilar. (ECF No. 13.) This complaint raises survival causes of action, alleging the Defendants violated the decedent's rights under federal and state law. (*Id.*) However, the decedent's minor daughter, D.G., has filed a separate federal civil rights lawsuit on behalf of the decedent's estate. *See D.G., et al. v. Lynch, et al.*, No. 2:21-cv-01890-TLN-JDP (E.D. Cal.). Zaragoza also filed a notice of related cases in this action, which identified her lawsuit as a related case to the instant lawsuit. (ECF No. 11.) The *D.G.* case and the filings from that litigation are relevant to the issue of whether Zaragoza has standing to prosecute any survival claims on behalf of the Estate of Luis Aguilar, and whether Zaragoza's survival claims are duplicative of the survival claims raised in the *D.G.* case. Because the *D.G.* case and the court records from that litigation are matters of public record, this Court should take judicial notice of the *D.G.* case and the complaints filed in that case when this Court considers the Defendants' motion to partially dismiss Zaragoza's Second Amended Complaint.

Dated:  April 15, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General
BRIAN S. CHAN
Deputy Attorney General

*/s/ David E. Kuchinsky*
DAVID E. KUCHINSKY
Deputy Attorney General
*Attorneys for Defendants*
*Garland, Jordan, Lieber, Chavez, Sykes, Gomez, Carothers, and Lynch*

SA2022300303
36086047.docx

2

Exhibit 1

Mark A. Redmond, SBN 161520
**Law Office of Mark A. Redmond PC**
656 Fifth Avenue, Suite R
San Diego, CA 92101
Telephone: (916) 444-8240
Facsimile: (866) 476-9393
Email: mr@markredmondlaw.com

Kresta Nora Daly, SBN 199689
**BARTH  DALY LLP**
PO Box 221849
Sacramento, CA 95822
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email:  kdaly@barth-daly.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.G., a Minor, by and through her Guardian ad Litem Maria Sara Camargo, and the ESTATE OF LUIS GIOVANNY AGUILAR, Deceased, by and through His Successor in Interest, D.G., a Minor, by and through her Guardian ad Litem Maria Sara Camargo,<br><br>        Plaintiffs,<br><br>    v.<br><br>JEFFREY LYNCH, DANIEL GARLAND, MARCUS JORDAN, WILLIAM LIEBER, HENRY CHAVEZ, DESMOND SYKES, JOSE GOMEZ, JAMES CAROTHERS, and DOES 1 through 100, inclusive, in their official and personal/individual capacities,<br><br>        Defendants. | Case No. 2:21-CV-01890-TLN JDP<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**<br><br>**JURY TRIAL DEMANDED** |

        Plaintiffs D.G. and the Estate of Luis Giovanny Aguilar, upon information and belief,

allege the following:

///

///

BARTH DALY LLP
ATTORNEYS AT LAW

BARTH DALY LLP
ATTORNEYS AT LAW

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from defendants for their willful indifference to prevent and their facilitation of the murder of Luis Aguilar, while he was incarcerated at CSP Sacramento, located at 100 Prison Road, Represa, California.

2. On or about December 12, 2019, Mr. Aguilar was murdered by three other inmates.  Prison guards and/or officials, through their willful indifference, failed to prevent and facilitated the murder of Mr. Aguilar.  Those same prison guards and/or officials conspired to cause Mr. Aguilar's murder.  Defendants' wrongful acts included recruiting inmates to murder Mr. Aguilar and allowing these inmates to practice and then carry out the murder.

## JURISDICTION AND VENUE

3. This is an action for money damages brought pursuant to Title 42 of the United States Code, Sections 1983 and 1988; and the Eighth and Fourteenth Amendments of the United States Constitution against various correctional employees then working at the California Correctional Institution in Represa, California.

4. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Sections 1331 (federal question) and 1343 (civil rights).

5. Venue lies in the Eastern District of California pursuant to Title 28, United States Code Section 1367, as the unlawful acts and practices alleged herein occurred in and around the City of Represa, County of Sacramento, State of California, which is within this judicial district.

## PARTIES

6. Plaintiff D.G. is the minor daughter of Luis Aguilar.  D.G. is, and was at all times mentioned herein, an individual and citizen of the United States of America, resident of Los Angeles County.

7. Defendant Jeffrey Lynch was at all times herein an employee of CDCR and Warden or Acting Warden of CSP-Sacramento.  At all times herein, Lynch was acting within the course and scope of his employment with CDCR.  Lynch is sued in his individual capacity for damages.

///

8. Defendant Daniel Garland was at all times herein an employee of CDCR. Garland was an officer assigned to CSP-Sacramento. At all times herein, Garland was acting within the course and scope of his employment. Garland is sued in his individual capacity.

9. Defendant Marcus Jordan was at all times herein an employee of CDCR. Jordan was an officer assigned to CSP-Sacramento. At all times herein, Jordan was acting within the course and scope of his employment. Jordan is sued in his individual capacity.

10. Defendant William Lieber was at all times herein an employee of CDCR. Lieber was an officer assigned to CSP-Sacramento. At all times herein, Lieber was acting within the course and scope of his employment. Lieber is sued in his individual capacity.

11. Defendant Henry Chavez was at all times herein an employee of CDCR. Chavez was an officer assigned to CSP-Sacramento. At all times herein, Chavez was acting within the course and scope of his employment. Chavez is sued in his individual capacity.

12. Defendant Desmond Sykes was at all times herein an employee of CDCR. Sykes was an officer assigned to CSP-Sacramento. At all times herein, Sykes was acting within the course and scope of his employment. Sykes is sued in his individual capacity.

13. Defendant Jose Gomez was at all times herein an employee of CDCR. Gomez was an officer assigned to CSP-Sacramento. At all times herein, Gomez was acting within the course and scope of his employment. Gomez is sued in his individual capacity.

14. Defendant James Carothers was at all times herein an employee of CDCR. Carothers was an officer assigned to CSP-Sacramento. At all times herein, Carothers was acting within the course and scope of his employment. Carothers is sued in his individual capacity.

15. The true names of Does 1 through 100 are unknown to plaintiffs at this time. Defendants are current and former employees of the California Department of Corrections and Rehabilitation (hereinafter CDCR). Defendants were acting under color of state law when they facilitated and conspired to murder Luis Aguilar. Doe defendants are currently being sued in their individual capacities. Plaintiffs believe the identities of defendants will be revealed through discovery and will permit plaintiffs to amend this Complaint to state the same.

///

BARTH DALY LLP
ATTORNEYS AT LAW

16.     Plaintiffs are informed and believe, and thereon allege that each defendant is, and at all times mentioned was, the agent, employee, representative successor and/or assignee of each other defendant.  Each defendant, in doing the acts, or in omitting to act as alleged in this complaint, was acting within the scope of his or her actual and apparent authority or the alleged acts and omissions of each defendant as agent were subsequently adopted and ratified by each other defendant as principal.  Plaintiffs are informed and believe that each of the individual defendants was in some way responsible for the constitutional violations and torts alleged in this complaint.

17.     In committing the acts alleged in this complaint, defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of plaintiffs, justifying an award of punitive damages under federal law against each defendant.

## FACTS

18.     Luis Aguilar suffered from mental impairment which substantially limited one or more of his major life activities and this was known to all defendants.

19.     On December 12, 2019, Mr. Aguilar was murdered while incarcerated at CSP Sacramento, located in Represa, California.  Mr. Aguilar was ankle shackled and hand cuffed to his chair in the dayroom of Facility B.  Other inmates, including Dion Green, Anthony Rodriguez and Cody Taylor, were similarly cuffed to their chairs.  Green, Rodriguez, and/or Taylor, got out of their handcuffs, went to another location, retrieved a weapon, and murdered Mr. Aguilar while he was restrained and unable to defend himself.

20.     Taylor pled guilty to Mr. Aguilar's murder and was sentenced to 100 years to life plus two years.  Messrs. Green and Rodriguez are currently facing murder charges in Sacramento County Superior Court, Case No. 20FE000875.

21.     Plaintiffs are informed and believe there is a video of a practice run wherein prison guards allowed Green, Rodriquez and/or Taylor to practice how they would carry out the murder and video of the murder itself.

22.     Alternatively, Mr. Aguilar was stabbed by Messrs. Taylor, Green and Rodriguez, due to defendants' deliberate indifference, negligence, recklessness, and flagrant failure to

BARTH DALY LLP
ATTORNEYS AT LAW

1  supervise inmates or protect inmates despite having ample notice of the likelihood that these or

2  other inmates posed a threat to his safety and wellbeing.

3       23.    Defendants Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez,

4  Desmond Sykes, Jose Gomez, James Carothers and Does 1-50 were supervising and/or

5  monitoring the area in which Mr. Aguilar was housed prior to and on the day of his death.

6       24.    Plaintiffs are informed and believe that defendants Daniel Garland, Marcus Jordan,

7  William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does 1-50

8  facilitated Mr. Aguilar's murder by their deliberate indifference to his safety, and a failure to

9  protect him in violation of his constitutional rights under the Eighth Amendment of the United

10  States Constitution to be free from cruel and unusual punishment.

11       25.    Plaintiffs are informed and believe defendants Daniel Garland, Marcus Jordan,

12  William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does 1-50

13  were either not supervising or not present in the dayroom when these inmates murdered

14  Mr. Aguilar, or they were present and turned a blind eye while Green, Taylor and/or Rodriguez

15  freed themselves from their restraints, left the dayroom to retrieve a weapon, returned with it and

16  stabbed Mr. Aguilar.  If the latter scenario is true, some or all of the defendants were complicit in

17  Mr. Aguilar's murder.

18       26.    Defendants Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez,

19  Desmond Sykes, Jose Gomez, James Carothers and Does 1-50 violated CDCR Operations

20  Manual 51020.6 which states "Restrained inmates shall never be left unsupervised" and violated

21  the law, 15 C.C.R. § 3268.2(e) which states "[m]echanical restaints shall not be used as

22  punishment … or … to secure a person to fixed object…."  Defendants Daniel Garland, Marcus

23  Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does

24  1-50 knew restrained inmates cannot be left unsupervised and knew the practice of cuffing an

25  individual to a fixed object was a dangerous practice and the foreseeable consequence of an

26  individual so restrained is unable to escape danger or murder by other individuals.  Defendants

27  Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez,

28  ///

{00036029}

1    James Carothers and Does 1-50 knew or should have known these practices were prohibited and

2    illegal.

3        27.    Plaintiffs are informed and believe defendants Daniel Garland, Marcus Jordan,

4    William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and/or Does 1-50

5    knew about and/or facilitated a practice run of Mr. Aguilar's murder approximately one week

6    earlier.

7        28.    Plaintiffs were unaware of the accrual of this cause of action against defendants

8    until April 29, 2021 when the Sacramento Bee ran an article about Mr. Aguilar's murder.  That

9    article reported there were state and federal investigations into the conduct of defendants,

10   multiple whistleblowers were involved and some CDCR employees had been reassigned to the

11   mailroom.  That article also described a memo sent by the California Correctional Peace Officers

12   Association to all CSP Sacramento employees, reminding them that they were not obligated to

13   participate in "voluntary" interviews with agencies out of CDCR, such as the FBI or local law

14   enforcement.

15       29.    Plaintiffs are informed and believe defendants Daniel Garland and Marcus Jordan

16   were fired by CDCR for their involvement in Mr. Aguilar's murder.

17       30.    Plaintiffs are informed and believe defendants William Lieber, Henry Chavez,

18   Desmond Sykes, Jose Gomez, James Carothers and/or Does 1-50 were assigned to the mailroom

19   pending the CDCR and the Federal Bureau of Investigation [FBI] investigation into Mr. Aguilar's

20   murder.

21       31.    Plaintiffs are further informed and believe defendants Daniel Garland, Marcus

22   Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and/or

23   Does 1-50 purported to control individuals sentenced to reside in CSP-Sacramento who

24   defendants considered problematic.  The individuals were handcuffed and ankle shackled to

25   chairs and/or other fixed objects when outside of their cells and in common areas.

26       32.    Defendant Lynch and Does 51-100 were aware of this practice of restraining

27   individuals to fixed objects by prison guards, including defendants Daniel Garland, Marcus

28   Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and/or

BARTH DALY LLP
ATTORNEYS AT LAW

Does 1-50. Lynch and Does 51-100 promoted, implemented, condoned, and/or ratified this practice. Defendant Lynch and Does 51-100 knew or should have known this was a dangerous practice, particularly in a high security prison where violence is common.

33. Crimes inside CSP-Sacramento are investigated by the Investigative Services Unit (ISU). Two of its members were Sgt. Kevin Steele and Valentino Rodriguez. Plaintiffs are informed and believe Sgt. Steele worked with outside agencies including the Sacramento County District Attorney's Office to prosecute prisoners of in-prison crimes.

34. Plaintiffs are informed and believe Valentino Rodriguez reported potential violations of CDCR's code of conduct at CSP-Sacramento to Officer David Garland, a member of the ISU, but was met with hazing, harassment, name-calling and retaliation by members of the unit including Garland.

35. Valentino Rodriguez informed his Sergeant, Sgt. Strohmaier of significant problems amongst guards assigned to CSP-Sacramento. Valentino Rodriguez also told Strohmaie that his boss, Sgt. David Anderson, threatened him if he told anyone what was going on inside the unit.

36. Plaintiffs are informed and believe that in January 2021 Sgt. Steele communicated to defendant Lynch that Steele notified his supervisors about "inconsistencies" related to the initial account of Mr. Aguilar's murder and supported those communications with interviews.

37. Plaintiffs are further informed and believe that in February 2021 Sgt. Steele communicated to CDCR Secretary Kathleen Allison that leaders at CSP-Sacramento, including Lynch and Does 51-100, responded with indifference to his reports of misconduct by prison guards. Several days later a memo was posted to the gate of CSP-Sacramento banning Sgt. Steele from the premises for no stated reason.

38. CDCR spokeswoman Dana Simas told a news outlet in October 2021 the entire ISU at CSP-Sacramento had been replaced and at least 10 members of the unit are facing discipline because of Mr. Aguilar's death.

///

///

BARTH DALY LLP
ATTORNEYS AT LAW

39.     Mr. Aguilar died as a direct and proximate result of the actions and/or omissions of defendant Lynch and Does 51-100 and they are directly liable for violations of Mr. Aguilar and his daughter's constitutional rights pursuant to Title 42, United States Code Section 1983.

40.     At all times herein, all defendants were obligated by their respective duties to respond to reports of threats to the life and safety of Mr. Aguilar, including orders for protective segregation, as they knew, or had reason to know Mr. Aguilar was mentally ill and/or had behavioral issues which necessitated he be protected from those who would attack and kill him.

41.     At all times herein, all defendants were obligated by their respective duties to respond to reports of threats to the life and with segregating Mr. Aguilar and housing him with similarly classified individuals and keeping him away from those individuals who were known, suspected and/or believed to be a potential threat to Aguilar's life and/or safety.

42.     Through their knowing and/or reckless conduct, all defendants allowed, permitted, or otherwise facilitated other inmates' access to Mr. Aguilar, allowing and permitting Taylor, Rodriguez and/or Green to murder Aguilar.

## **FIRST CAUSE OF ACTION**

**Excessive Force [42 USC § 1983] Against Defendants
Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez,
Desmond Sykes, Jose Gomez, James Carothers and Does 1-50**

43.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this complaint.

44.     Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does 1 through 50 brutally facilitated and conspired to have Luis Aguilar murdered without justification.  Said defendants facilitated the murder of Mr. Aguilar including creating the opportunity for his murder, recruiting inmates to carry out the murder of Mr. Aguilar and allowing the inmates to practice and carry out the murder.  These acts, including the murder of Mr. Aguilar, constituted excessive force against Mr. Aguilar in violation of his Eighth Amendment rights.

45.     As a direct and proximate result of the conduct of Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers Does 1 through

BARTH DALY LLP
ATTORNEYS AT LAW

50, Mr. Aguilar experienced pain, suffering and the actual loss of his life. Defendants Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does 1-50 facilitating and conspiring to commit murder caused Luis Aguilar's death and deprived plaintiff D.G. of her father's love and affection.

46. Plaintiffs allege that the acts of the individual defendants were willful, malicious, intentional, oppressive, and reckless and/or were done in willful and conscious disregard of plaintiffs' rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

47. As a direct and legal result of defendants' acts and omissions, plaintiffs Luis Aguilar and D.G. suffered damages, including, and without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, attorneys' fees and cost of suit, and other pecuniary losses not yet ascertained.

WHEREFORE, plaintiffs pray for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

**Deliberate Indifference [42 U.S.C. § 1983] Against Defendants
Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez,
Desmond Sykes, Jose Gomez, James Carothers and Does 1-50**

48. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this complaint.

49. Defendants Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does 1-50 knew there was a strong likelihood Luis Aguilar was in danger of serious personal harm, and that he would be seriously injured or killed because defendants were aware Messrs. Taylor, Green, and Rodriguez sought to harm or kill Mr. Aguilar.

50. Defendants Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does 1-50s' acts and/or omissions as alleged herein, including but not limited to their failure to supervise Messrs. Taylor, Green and Rodriguez or to provide Luis Aguilar with adequate supervision and/or to take other measures to protect him
///

BARTH DALY LLP
ATTORNEYS AT LAW

1    from physical harm and to prevent his brutal murder constituted deliberate indifference to Luis

2    Aguilar's safety.

3         51.    By the acts and omissions described above, defendants Daniel Garland, Marcus

4    Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does

5    1-50 acted with deliberate indifference to a known or obvious danger, in subjecting Luis Aguilar

6    to that danger.

7         52.    The aforementioned acts and/or omissions of defendants Daniel Garland, Marcus

8    Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does

9    1-50 in being deliberately indifferent to Luis Aguilar's health and safety and violating Luis

10   Aguilar's civil rights were the direct and proximate result of intentional conduct, customs,

11   practices, procedures and/or policies of defendants.

12        53.    The conduct, policies, customs and/or practices were a direct and legal cause of

13   Luis Aguilar's death and plaintiffs' injuries.  As a direct and proximate result of defendants Daniel

14   Garland, Marcus Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James

15   Carothers and Does 1-50s' conduct, Luis Aguilar experienced physical pain, severe emotional

16   distress, mental anguish, the loss of his life and damages alleged herein.

17        54.    The aforementioned acts and/or omissions of the individual defendants Daniel

18   Garland, Marcus Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James

19   Carothers and Does 1-50 were malicious, reckless and/or accomplished with a conscious

20   disregard of decedent's rights thereby entitling plaintiffs to an award of exemplary and punitive

21   damages.

22        WHEREFORE, plaintiffs pray for judgment as hereinafter set forth.

23                          **THIRD CAUSE OF ACTION**

24                   **Negligence Resulting in Wrongful Death**
                **[Gov. Code § 844.6(d); Code Civ. Proc. § 377.60]**
25

26        55.    Plaintiffs reallege and incorporate by reference each and every allegation

27   contained in the preceding paragraphs of this complaint.

28   ///

BARTH DALY LLP
ATTORNEYS AT LAW

56. Defendants, and each of them, owed a duty imposed by law to use reasonable care in conducting themselves as peace officers and completing their duties.

57. Defendants, and each of them, failed to exercise the degree of care and caution that a reasonable and prudent person would exercise under like conditions and circumstances. Defendants failed to conform to a certain standard of conduct for the protection of Luis Aguilar against unreasonable risk of injury and death. This failure exposed Aguilar to an unreasonable risk of harm.

58. Defendants undertook the responsibility of providing correctional services to Aguilar, Taylor, Green and Rodriguez, including supervising them, which defendants should have understood to include preventing and/or ending acts of violence in a safe and prompt manner by inmates against other inmates. As a result of defendants' failure to prevent violence or end acts of violence in a safe and prompt manner, and failure to otherwise exercise reasonable care, Aguilar suffered death to his and plaintiff D.G.'s damage.

59. Aguilar was particularly vulnerable in light of his incarceration and relied on defendants (who had control over him), for protection from violent assault, which is not part of the penalty criminal offenders receive for their offenses.

60. On or about September 30, 2021, the minor daughter of decedent, plaintiff D.G. submitted a Claim for Damages and Application to File a "Late" Claim to the State of California, Department of Corrections and Rehabilitation pursuant to the California Government Claims Act, Government Code Section 810, *et seq.* This action is being filed prior to receipt of a response from CDCR due to concerns about the statute of limitations expiring as to all claims. Plaintiffs were not aware of, and could not become aware of, the facts and circumstances surrounding Luis Aguilar's murder through the exercise of reasonable diligence. It was only through the publication of an article in the Sacramento Bee on April 29, 2021, that plaintiffs were made aware that employees of CDCR were responsible for Aguilar's death.

///

///

///

BARTH DALY LLP
ATTORNEYS AT LAW

## FOURTH CAUSE OF ACTION

**Substantive Due Process-Loss of Parent/Child Relationship**
**[Violation of Fourteenth Amendment, U.S. Constitution: 42 U.S.C. § 1983]**
**Against All Defendants**

61.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this complaint.

62.     The acts and/or omissions of defendants as alleged herein, of facilitating, conspiring and being deliberately indifferent to the serious threat of imminent death, or willfully causing Aguilar's death by intentional conduct and/or failing to adequately supervise, train, discipline or implement policies and/or procedures to prevent Aguilar's death, which deprived plaintiffs their liberty and interest in the parent-child relationship in violation of their substantive due process rights as defined by the First and Fourteenth Amendments to the United States Constitution.

63.     Such conduct by said defendants "shocks the conscience."

64.     As a direct and proximate result of said defendants' conduct, plaintiffs suffered injuries and damages as alleged herein including pain and suffering and emotional distress.

65.     The aforementioned acts and/or omissions of the individually named defendants were willful, wanton, malicious, reckless and oppressive, thereby justifying an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

WHEREFORE plaintiffs pray for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**Failure to Supervise**
**[Violation of Fourteenth Amendment, U.S. Constitution: 42 U.S.C. § 1983]**
**Against Defendants Lynch and Does 51-100**

66.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this complaint.

67.     Defendant Lynch and Does 51-100 acted individually and in concert with each other, under color of law, in the course and scope of their employment at CDCR, in violation Mr. Aguilar and plaintiff D.G.'s constitutionally protected rights.  Lynch and Does 51-100 are

BARTH DALY LLP
ATTORNEYS AT LAW

1  sued in their individual capacities as supervisors, managers, and/or administrators, and not in their

2  official capacities.

3        68.    At all times herein, Lynch and Does 51-100 were responsible for "ensuring

4  inmates were appropriately housed at the institution, implementing departmental policy in

5  accordance with prison design and institutional safety and security." CDCR Operations Manual

6  § 54046.3.

7        69.    At all times herein, Lynch and Does 51-100 had the power and authority to adopt

8  policies and prescribe rules, regulations, and practices affecting all aspects of training,

9  supervision, control, employment, assignment, operation of CSP-Sacramento where Mr. Aguilar

10  was under its sole control and custody.

11        70.    At all times herein, Lynch and Does 51-100 were responsible for devising and

12  implementing security protocols and procedures for the safe housing, classification, transport, and

13  mixing of medium and high security inmates at CSP-Sacramento, as well as all procedures,

14  policies, and directives concerning the training, manner and practices by which correctional staff

15  including Does 51-100 were to handle and monitor inmates including those who might be

16  problematic and/or mentally ill, and to quell any violence or disturbance at CSP-Sacramento

17  occurring amongst inmates.

18        71.    The acts and omissions alleged herein of Lynch and Does 51-100 deprived

19  Mr. Aguilar and plaintiff D.G. of their constitutionally protected rights.

20        72.    Prior to Mr. Aguilar's murder, Lynch and Does 51-100 acted as supervisors of

21  CSP-Sacramento and of defendants Daniel Garland, Marcus Jordan, William Lieber, Henry

22  Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does 1-50 and committed the

23  following acts and omissions:

24        (a)    Failed to supervise and train their subordinates to ensure they were

25  implementing and complying with policies and procedures to ensure the reasonable safety of

26  inmates;

27  ///

28  ///

- 13 -

BARTH DALY LLP
ATTORNEYS AT LAW

(b)     failed to supervise and train their subordinates to ensure they did not violate the law that "mechanical restraints shall not be used as punishment … or … to secure a person to a fixed object…." 15 C.F.R. 3258.2(c);

(c)     Failed to supervise and train their subordinates to ensure they did not violate CDCR's own policies and procedures that "[r]estrained inmates shall never be left unsupervised."  CDCR Operations Manual 51020.6.

(d)     Failed to provide adequate housing and proper classification of inmates at CSP-Sacramento so they had access to and delivery of indicated mental health care;

(e)     Failed to provide adequate and reasonable monitoring of inmates with mental disabilities and/or other behavioral issues; and

(f)     failed to discipline and establish procedures to correct past violations and to prevent future occurrences of violations of inmates' constitutional rights by condoning, ratifying, and/or encouraging the violation of inmates' constitutional rights including those of Mr. Aguilar.

73.     Lynch and Does 51-100 knew their subordinates Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does 1-50, were engaging in the above alleged acts, patterns and practices, and knew or should have known their subordinates' conduct posed a significant and foreseeable risk of harm to inmates including Mr. Aguilar from a failure of supervision while restrained, and who would be unable to escape or run from violent inmates who would do them harm while restrained to a fixed object, thus depriving inmates including Mr. Aguilar of their constitutional rights to be free from cruel and unusual punishment pursuant to Eighth Amendment.  As a consequence they also violated Plaintiff D.G.'s right to a familial relationship under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

74.     Lynch and Does 51-100 failed to prevent their subordinates, defendants Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does 1-50, from engaging in the above alleged patterns, practices and acts.

///

BARTH DALY LLP
ATTORNEYS AT LAW

75. Lynch and Does 51-100 were deliberately indifferent to the need to supervise their subordinates, defendants Daniel Garland, Marcus Jordan, William Lieber, Henry Chavez, Desmond Sykes, Jose Gomez, James Carothers and Does 1-50, and the lack of supervision and training actually caused the constitutional harm and/or deprivation of rights alleged herein. Lynch and Does 51-100 disregarded known or obvious consequences that an omission in their training program and lack of supervision of their subordinates would cause their subordinates to violate the inmates' constitutional rights.

76. The above acts represent Lynch and Does 51-100's culpable action or inaction in the training, supervision, or control of their subordinates, their knowledge of and acquiescence in the unconstitutional conduct of their subordinates and/or conduct that showed a reckless or callous indifference to the rights of others. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

77. Lynch and Does 51-100's conduct was so closely related to the deprivation of Mr. Aguilar and D.G.'s rights as to be the moving force which caused the ultimate injuries.

78. Defendants Lynch and Does 51-100 acted individually and in concert with each other in violating Mr. Aguilar and D.G.'s rights and are jointly and severally liable for the damages demanded herein.

79. As a direct and proximate result of the afore-described acts and omissions by defendants Lynch and Does 51-100, plaintiff D.G. suffered and continues to suffer emotional distress, anguish, loss of love, comfort, support, services, companionship and society of her father, and which she will continue to suffer for the rest of her life, justifying an award of damages in an amount to be determined at trial. These defendants are liable to D.G. for the unwarranted interference in her familial relationship with her father.

80. Exemplary and punitive damages are warranted under Title 42, United States Code Section 1983 against Lynch and Does 51-100 in their personal capacities because their conduct was callous, willful, wanton, malicious, oppressive and motivated by evil motive or intent or involved reckless or conscious disregard for the federally protected rights of Mr. Aguilar and D.G. and constitutes a type of despicable conduct no civilized society should be forced to endure.

///

BARTH DALY LLP
ATTORNEYS AT LAW

BARTH DALY LLP
ATTORNEYS AT LAW

### SIXTH CAUSE OF ACTION

**Wrongful Death and Survival Action (Against All Defendants)**

81.    Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this complaint.

82.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein Does 1 through 100, sworn essential public safety officers, owed a duty to the inmates, including decedent Luis Aguilar, to protect them by enforcing State and Federal laws and administrative regulations while supervising the conduct of inmates under their control.

83.    Plaintiffs are informed and believe, and thereon allege, that prior to December 12, 2019, Does 1 through 100 planned, prepared and/or conspired with Inmates Green, Rodriguez and Taylor to have decedent Luis Aguilar murdered.  Plaintiffs are further informed and believe that pursuant to that plan, preparation or conspiracy, Inmates Green, Rodriguez and Taylor in fact murdered Luis Aguilar on December 12, 2019.  The attack on decedent Luis Aguilar was perpetrated by the other inmates with the full knowledge and consent of Does 1 through 100 and with the knowledge that the attack would lead to Luis Aguilar's death.  These acts were done with wanton disregard of the rights of decedent and with full knowledge that he would die.

84.    As the proximate result of Luis Aguilar's murder plaintiff D.G. was deprived of the care, love and affection of her father.  As a further proximate result of decedent's murder plaintiff D.G. has incurred medical expenses relating to her own treatment after the death of her father. The amount of those expenses is currently unknown.

85.    In so doing the acts alleged herein, Does 1 through 100 acted with fraud, oppression and malice and plaintiffs are entitled to punitive and exemplary damages.

WHEREFORE plaintiffs pray for judgment as hereinafter set forth.

### JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

///

///

///

1

## **PRAYER**

2      WHEREFORE plaintiffs request entry of judgment in their favor and against defendants

3   as follows:

4           (1)    For compensatory damages in an amount to be determined at trial;

5           (2)    For punitive damages against individual defendants in an amount to be

6   proven at trial;

7           (3)    For reasonable costs of this suit and attorneys' fees; and

8           (4)    For such further relief as the Court may deem proper, just and appropriate.

9   Dated:  January 18, 2022              Respectfully submitted,

10                                        LAW OFFICE OF MARK A. REDMOND PC
                                          BARTH DALY LLP

11

12                                        By_____/s/ Kresta Nora Daly_____
                                             KRESTA NORA DALY
13                                        Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARTH DALY LLP
ATTORNEYS AT LAW

Exhibit 2

LAW OFFICES OF CLAUDIA C. BOHORQUEZ
A Professional Corporation
Claudia C. Bohorquez, Esq. SBN 150647
5670 Wilshire Blvd., Suite 1800
Telephone: (323) 978-6637
Facsimile: (323) 648-6761
cbohorquez@bohorquezlawgroup.com

Attorney for Plaintiffs
MA ROSARIO BUENO ZARAGOZA,
ESTATE OF LUIS GIOVANNY AGUILAR

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D.G., a Minor, by and through her Guardian Ad Litem Maria Sara Camargo, and the ESTATE OF LUIS GIOVANNY AGUILAR, Deceased, by and through His Successor in Interest, D.G., a Minnor, by and through her Guardian ad Litem Maria Sara Camargo,<br><br>Plaintiffs,<br><br>vs.<br><br>DOES 1 through 100, inclusive, in their official and personal/individual capacities,<br><br>Defendants. | CASE NO.: 2:21-cv-01890-TLN-JDP<br><br>**NOTICE OF RELATED CASE** |

    1. <u>Case Name</u>: *MA ROSARIO BUENO ZARAGOZA, an individual; ESTATE OF LUIS GIOVANNY AGUILAR, deceased, by his Successor-in-Interest, Ma Rosario Bueno Zaragoza v. JEFFERY W. LYNCH, and DOES 1 through 30, inclusive.*

1

2. <u>Case No.</u>:  2:21-cv-02294-KJM-KJN
                      U.S.D.C. Eastern Dist. of CA

3. <u>Brief Statement of Relationship</u>:  Both of the cases arise from the stabbing

death of Luis Giovanny Aguilar by inmates at California State Prison – Sacramento aka

New Folsom.  Both cases are suing corrections officers and/or supervisors at the prison

for violations of the decedent's constitutional rights under 42 U.S.C. §1983 for failure

to protect and failure to intervene as provided by Eighth and Fourteenth Amendments of

the United States Constitution.  Both cases allege the defendant corrections officers

were deliberately indifferent to Mr. Aguilar's constitutional rights, failed to train and

supervise, and perhaps were complicit in his murder.  Both plaintiffs claim a familial

relationship to the decedent and a violation of their rights under 42 U.S.C. §1983 and

the Fourteenth Amendment due process clause.  Thus, there are similarities of parties,

facts, and legal issues.

For these reasons assignment to a single Judge and/or Magistrate Judge is likely

to effect a savings of judicial effort and other economies.


Dated:  December 15, 2021        LAW OFFICES OF CLAUDIA C. BOHORQUEZ


                                 By: ____/s/ Claudia C. Bohorquez_____
                                       Claudia C. Bohorquez, Esq.