ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7666
  Fax: (916) 324-5205
  E-mail: David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants J. Lynch, D. Garland, M. Jordan, W. Lieber, H. Chavez, D. Sykes, J. Gomez, J. Carothers, D. Calderon, E. Baker, G. Herrera, M. Saavedra, and P. Brennfleck*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MA ROSARIO BUENO ZARAGOZA, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>LYNCH, et al.,<br><br>Defendants. | Case No. 2:21-cv-02294 TLN-JDP<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY DEFENDANTS CALDERON, BAKER, HERRERA, SAAVEDRA, AND BRENNFLECK** |

    Defendants D. Calderon, E. Baker, G. Herrera, M. Saavedra, and P. Brennfleck hereby answer Plaintiff's Third Amended Complaint, filed May 11, 2022 (Third Amended Complaint, ECF No. 33), as follows. Except as expressly admitted, all allegations are denied.

    1.    In response to paragraph 1, Defendants admit that inmate Luis Aguilar was stabbed to death by other inmates on December 12, 2019, that the inmates were able to free themselves from their restraints in the day room, retrieve a weapon from another inmate in a cell on the upper tier, went back down to the dayroom, and stabbed Aguilar repeatedly. Defendants further admit that

///

1

one inmate was able to free himself from his restraints in the dayroom a week earlier. Defendants deny the remaining allegations in this paragraph.

2. In response to paragraph 2, this paragraph accurately quotes a portion of 42 U.S.C. § 1983 and to the extent this paragraph can be construed as making material allegations against Defendants, Defendants deny any such allegations. Defendants deny that they deprived or caused the deprivation of Aguilar's rights, and deny that they are liable for any injuries or deprivation.

3. In response to paragraphs 3 and 4, Venue and Jurisdiction, Defendants admit the allegations in these paragraphs.

4. In response to paragraph 5, Defendants admit that Plaintiff has sued Defendants in her individual capacity and in a representative capacity as the alleged successor-in-interest to the estate of Aguilar. Defendants further admit that as of May 11, 2022, Aguilar's purported biological daughter had dismissed her claims on behalf of the estate of Aguilar and is no longer alleging that she is successor in interest. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny the remaining allegations.

5. In response to paragraphs 6 through 18, Defendants admit the allegations in these paragraphs.

6. In response to paragraph 19, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations.

7. In response to paragraph 20, and to the extent paragraph 20 can be interpreted as making any material allegations, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations.

8. In response to paragraphs 21 and 22, Defendants admit the allegations in these paragraphs.

9. In response to paragraph 23, Defendants admit Aguilar was received into CDCR custody on December 26, 2018, but deny that he received a SHU term on that date.

///

10. In response to paragraph 24, Defendants admit that Aguilar was a participant in CDCR's Mental Health Services Delivery System (MHSDS), that his level of care was increased to Enhanced Outpatient Program on May 29, 2019, that Aguilar was transferred to CSP-SAC on May 30, 2019, that Defendant Lynch was the chairperson for Aguilar's classification committee review meeting on June 6, 2019, to review Aguilar's administrative segregation placement. Defendants further admit that Aguilar had been diagnosed with mental health issues. Defendants deny the remaining allegations in this paragraph.

11. In response to paragraph 25, Defendants admit that Gomez, Calderon, Sykes, Herrera, and Brennfleck were involved in restraining and escorting inmates Aguilar, Taylor, and Rodriguez from their respective cells to restraint chairs in the dayroom of B8 Facility at California State Prison, Sacramento. Defendants deny the remaining allegations in this paragraph.

12. In response to paragraph 26, Defendants admit the allegations in this paragraph.

13. In response to paragraph 27, Defendants admit the allegations in this paragraph, with the exception that Defendants deny that Taylor and Rodriguez "walked" up or down the stairs during the incident.

14. In response to paragraph 28, Defendants admit the allegations in this paragraph.

15. In response to paragraph 29, Defendants admit that there is video footage from December 5, 2019, depicting Taylor escaping his restraints. Defendants deny the remaining allegations in this paragraph.

16. In response to paragraph 30, Defendants admit that Taylor and Rodriguez assaulted another inmate who was cuffed to a chair or "restraint chair" a few weeks before their assault on Aguilar. Defendants deny the remaining allegations in this paragraph.

17. In response to paragraph 31, Defendants deny the allegations in this paragraph.

18. In response to paragraph 32, Defendants admit the allegations in this paragraph.

19. In response to paragraph 33, Defendants admit the allegations in this paragraph as to Lieber, Sykes, Gomez, Carothers, Baker, Saavedra, Calderon, Brennfleck. Defendants deny the allegations as to the remaining individuals listed. Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations with respect to DOE 1 and on that basis deny the allegations.

20. In response to paragraph 34, Defendants deny the allegations in this paragraph.

21. In response to paragraph 35, Defendants admit that none of the listed individuals were in the dayroom when Aguilar was stabbed. Defendants deny the remaining allegations in this paragraph.

22. In response to paragraph 36, Defendants admit that Aguilar was involved in a physical confrontation with a correctional officer a few days or weeks before his death. Defendants deny the remaining allegations in this paragraph.

23. In response to paragraph 37, Defendants admit that this paragraph quotes portions of the OIG case summary. Defendants deny that there was any staff misconduct, conspiracy, or assistance in the death of Aguilar and deny that CDCR poorly handled the crucial incident.

24. In response to paragraphs 38 through 41, Defendants deny the allegations in these paragraphs.

25. In response to paragraph 42, Defendants admit the allegations in this paragraph, with the exception that Defendant denies any wrongdoing on any the part of any of the individuals listed in this paragraph.

26. In response to paragraph 43, Defendants deny the allegations in this paragraph.

27. In response to paragraph 44, Defendants admit that the individuals listed were aware of and followed the policy of securing inmates in restraint chairs for their dayroom time in the building Aguilar was housed in at the time of his death. Defendants deny the remaining allegations in this paragraph.

28. In response to paragraph 45, Defendants deny the allegations in this paragraph.

29. In response to paragraph 46, Defendants admit the allegations in this paragraph.

30. In response to paragraph 47, Defendants deny the allegations in this paragraph.

31. In response to paragraph 48, Defendants admit the allegations in this paragraph.

32. In response to paragraph 49, Defendants admit the allegations in this paragraph.

///

33. In response to paragraph 50, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations in this paragraph.

34. In response to paragraph 51, Defendants admit the allegations in this paragraph.

35. In response to paragraph 52, Defendants deny the allegations in this paragraph.

36. In response to paragraph 53, Defendants admit that on February 12, 2021, Sergeant Steele was banned from the premises. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that Steele wrote a memorandum to Kathleen Allison or the contents of that memorandum and on that basis deny those allegations. Defendants deny the remaining allegations in this paragraph.

37. In response to paragraph 54, Defendants deny the allegations in this paragraph.

38. In response to paragraph 55, Defendants admit the allegations in this paragraph, with the exception that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that V. Rodriguez was receiving "mistreatment from members of the ISU" and "harassing phone calls," and the allegation that Sgt. Steele was set to give a deposition in another guard misconduct case," and on that basis deny those allegations.

39. In response to paragraphs 56 and 57, Defendants admit that the ISU had been replaced, that there was an investigation involving Rodriguez, and that the FBI opened an investigation into Aguilar's death. Defendants lack knowledge and information sufficient to form a belief s to the truth of the remaining allegations in these paragraphs and on that basis deny these allegations.

40. In response to paragraph 58, Defendants deny the allegations in this paragraph.

41. In response to paragraph 59, Defendants admit that the individuals referenced in this paragraph, with the exception of DOE 1, were obligated to respond to reports of threats to the life and safety of Aguilar. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to DOE 1 and on that basis deny the allegations as they relate to DOE 1. Defendants deny the remaining allegations in this paragraph as to all individuals referenced.

42. In response to paragraph 60, Defendants deny the allegations in this paragraph.

43. In response to paragraph 61, Defendants admit that Plaintiffs bring suit under 42 U.S.C. § 1983 and allege the deprivations listed. Defendants deny the remaining allegations and deny that any deprivation of rights occurred.

44. In response to paragraph 62, insofar as this paragraph incorporates by reference other paragraphs within the Third Amended Complaint, Defendants answer consistent with their answers to those paragraphs.

45. In response to paragraph 63, this paragraph is a purported statement of law, rather than material factual allegations, but to the extent this paragraph can be interpreted as making any factual allegations, Defendants deny those allegations.

46. In response to paragraph 64, Defendants admit that the individuals referenced in this paragraph, with the exception of DOE 1, had a duty to protect Aguilar from a known substantial risk of serious harm. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to DOE 1 and on that basis deny the allegations as they relate to DOE 1. Defendants deny the remaining allegations in this paragraph as to all individuals referenced and deny that they caused or facilitated Aguilar's stabbing.

47. In response to paragraph 65, Defendants deny the allegations in this paragraph.

48. In response to paragraphs 66 and 67, Defendants deny the allegations in these paragraphs.

49. In response to paragraph 68, this paragraph is a purported statement of law, rather than material factual allegations, but to the extent this paragraph can be interpreted as making any factual allegations, Defendants deny those allegations.

50. In response to paragraphs 69 and 70, Defendants deny the allegations in these paragraphs.

51. In response to paragraph 71, Defendants admit that Plaintiff Zaragoza brings this claim as successor-in-interest on behalf of Aguilar's estate and seeks survival damages, but lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Zaragoza

///

is the appropriate successor-in-interest or is otherwise legally permitted to proceed on behalf of Aguilar's estate, and on that basis deny this allegation.

52. In response to paragraph 72, Defendants deny the allegations in this paragraph.

53. In response to paragraph 73, Defendants admit that Plaintiffs seek exemplary and punitive damages. Defendants deny the remaining allegations in this paragraph.

54. In response to paragraph 74, Defendants admit that Plaintiffs seek attorney's fees in this case. Defendants lack knowledge and information sufficient to form a belief as to the reason why Plaintiff retained counsel and on that basis deny that allegations. Defendants deny the remaining allegations in this paragraph.

55. In response to paragraph 75, insofar as this paragraph incorporates by reference other paragraphs within the Third Amended Complaint, Defendants answer consistent with their answers to those paragraphs.

56. In response to paragraph 76, this paragraph is a purported statement of law, rather than material factual allegations, but to the extent this paragraph can be interpreted as making any factual allegations, Defendants deny those allegations.

57. In response to paragraph 77, this paragraph is a purported statement of law and legal conclusion, rather than material factual allegations, but to the extent this paragraph can be interpreted as making any factual allegations, Defendants deny those allegations.

58. In response to paragraph 78, this paragraph is a purported statement of law and legal conclusion, rather than material factual allegations, but to the extent this paragraph can be interpreted as making any factual allegations, Defendants deny those allegations. Defendants deny that they had a reasonable opportunity to intervene, deny that they failed to intervene at any point in the purported sequence of events, and deny that their action or inaction led to the stabbing of Aguilar.

59. In response to paragraph 79, Defendants deny the allegations in this paragraph.

60. In response to paragraph 80, this paragraph is a purported statement of law, rather than material factual allegations, but to the extent this paragraph can be interpreted as making any factual allegations, Defendants deny those allegations.

61. In response to paragraph 81, Defendants deny the allegations in this paragraph.

62. In response to paragraph 82, Defendants admit that Plaintiff Zaragoza brings this claim as successor-in-interest on behalf of Aguilar's estate and seeks survival damages, but lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Zaragoza is the appropriate successor-in-interest or is otherwise legally permitted to proceed on behalf of Aguilar's estate, and on that basis deny this allegation.

63. In response to paragraph 83, Defendants deny the allegations in this paragraph.

64. In response to paragraph 84, Defendants admit that Plaintiffs seek exemplary and punitive damages. Defendants deny the remaining allegations in this paragraph.

65. In response to paragraph 85, Defendants admit that Plaintiffs seek attorney's fees in this case. Defendants lack knowledge and information sufficient to form a belief as to the reason why Plaintiff retained counsel and on that basis deny that allegations. Defendants deny the remaining allegations in this paragraph.

66. In response to paragraph 86, insofar as this paragraph incorporates by reference other paragraphs within the Third Amended Complaint, Defendants answer consistent with their answers to those paragraphs.

67. In response to paragraphs 87 through 89, Defendants deny the allegations in these paragraphs.

68. In response to paragraph 90, Defendants admit that Plaintiff Zaragoza brings this claim as successor-in-interest on behalf of Aguilar's estate and seeks survival damages, but lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Zaragoza is the appropriate successor-in-interest or is otherwise legally permitted to proceed on behalf of Aguilar's estate, and on that basis deny this allegation.

69. In response to paragraph 91, Defendants deny the allegations in this paragraph.

70. In response to paragraph 92, Defendants admit that Plaintiffs seek exemplary and punitive damages. Defendants deny the remaining allegations in this paragraph.

71. In response to paragraph 93, Defendants admit that Plaintiffs seek attorney's fees in this case. Defendants lack knowledge and information sufficient to form a belief as to the reason

why Plaintiff retained counsel and on that basis deny that allegations. Defendants deny the remaining allegations in this paragraph.

72. In response to paragraph 94, insofar as this paragraph incorporates by reference other paragraphs within the Third Amended Complaint, Defendants answer consistent with their answers to those paragraphs.

73. In response to paragraphs 95 through 99, Defendants deny the allegations in these paragraphs.

74. In response to paragraph 100, Defendants admit that Plaintiff Zaragoza brings this claim as successor-in-interest on behalf of Aguilar's estate and seeks survival damages, but lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Zaragoza is the appropriate successor-in-interest or is otherwise legally permitted to proceed on behalf of Aguilar's estate, and on that basis deny this allegation.

75. In response to paragraph 101, Defendants deny the allegations in this paragraph.

76. In response to paragraph 102, Defendants admit that Plaintiffs seek exemplary and punitive damages. Defendants deny the remaining allegations in this paragraph.

77. In response to paragraph 103, Defendants admit that Plaintiffs seek attorney's fees in this case. Defendants lack knowledge and information sufficient to form a belief as to the reason why Plaintiff retained counsel and on that basis deny that allegations. Defendants deny the remaining allegations in this paragraph.

78. In response to paragraph 104, insofar as this paragraph incorporates by reference other paragraphs within the Third Amended Complaint, Defendants answer consistent with their answers to those paragraphs.

79. In response to paragraph 105, Defendants admit that Plaintiff has sued Lynch, Baker, Calderon, and Saavedra in their individual capacities. Defendants deny the remaining allegations in this paragraph.

80. In response to paragraphs 106 through 108, Defendants admit that Warden Lynch had general duties to ensure inmates were appropriately housed according to policy, prison design, institution safety and security, and to develop and adopt policies and procedures to ensure the

safety and security of staff and inmates, but was charged with delegating those duties to subordinate staff as necessary and appropriate. Defendants deny the remaining allegations as to Lynch and deny the all allegations as to the remaining individuals.

81. In response to paragraphs 109 through 119, including subparts "a." through "i." of paragraph 110, Defendants deny the allegations in these paragraphs.

82. In response to paragraph 120, Defendants admit that Plaintiff Zaragoza brings this claim as successor-in-interest on behalf of Aguilar's estate and seeks survival damages, but lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Zaragoza is the appropriate successor-in-interest or is otherwise legally permitted to proceed on behalf of Aguilar's estate, and on that basis deny this allegation.

83. In response to paragraph 121, Defendants deny the allegations in this paragraph.

84. In response to paragraph 122, Defendants admit that Plaintiffs seek exemplary and punitive damages. Defendants deny the remaining allegations in this paragraph.

85. In response to paragraph 123, Defendants admit that Plaintiffs seek attorney's fees in this case. Defendants lack knowledge and information sufficient to form a belief as to the reason why Plaintiff retained counsel and on that basis deny that allegations. Defendants deny the remaining allegations in this paragraph.

86. In response to paragraph 124, insofar as this paragraph incorporates by reference other paragraphs within the Third Amended Complaint, Defendants answer consistent with their answers to those paragraphs.

87. In response to paragraph 125, this paragraph is a purported statement of law and legal conclusion, rather than material factual allegations, but to the extent this paragraph can be interpreted as making any factual allegations, Defendants deny those allegations.

88. In response to paragraphs 126 through 130, Defendants deny the allegations in these paragraphs.

89. In response to paragraph 131, Defendants admit that Plaintiffs seek exemplary and punitive damages. Defendants deny the remaining allegations in this paragraph.

///

10

90. In response to paragraph 134, Defendants admit that Plaintiffs seek attorney's fees in this case. Defendants lack knowledge and information sufficient to form a belief as to the reason why Plaintiff retained counsel and on that basis deny that allegations. Defendants deny the remaining allegations in this paragraph.

91. In response to paragraph 133, insofar as this paragraph incorporates by reference other paragraphs within the Third Amended Complaint, Defendants answer consistent with their answers to those paragraphs.

92. In response to paragraphs 134 through 143, Defendants deny the allegations in these paragraphs.

93. In response to paragraph 144, Defendants admit that Plaintiffs seek exemplary and punitive damages. Defendants deny the remaining allegations in this paragraph.

94. In response to paragraph 145, Defendants admit that Plaintiffs seek attorney's fees in this case. Defendants lack knowledge and information sufficient to form a belief as to the reason why Plaintiff retained counsel and on that basis deny that allegations. Defendants deny the remaining allegations in this paragraph.

95. In response to page 39, "Prayer for Relief," Defendant denies that Plaintiffs are entitled to any relief.

96. In response to page 40, "Demand for Jury Trial," Defendants admit that Plaintiffs have made a timely demand a jury trial and join in that demand.

97. Defendants deny all allegations not expressly admitted.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Defendants are entitled to qualified immunity because their conduct was objectively reasonable and did not violate any clearly established constitutional or statutory rights of Plaintiff or the decedent.

Second Affirmative Defense

At all relevant times, Plaintiff and the decedent failed to mitigate injury and damages.

///

<u>Third Affirmative Defense</u>

Any and all alleged happenings and events, damages, and injuries, if any, were proximately caused and contributed to by the decedent's own negligence and conduct.

<u>Fourth Affirmative Defense</u>

Because the Third Amended Complaint sets forth conclusory and confusing allegations, all affirmative defenses that may be applicable cannot be fully anticipated. Accordingly, Defendants reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38, Defendants demand that this matter be tried by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that:

1. Plaintiffs take nothing by reason of this action and that judgment be entered in favor of Defendants;

2. Defendants be awarded costs of suit and attorney's fees; and

3. Defendants be awarded such other relief as the Court may deem proper.

Dated: June 14, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/s/ David E. Kuchinsky*

DAVID E. KUCHINSKY
Deputy Attorney General
*Attorneys for Defendants J. Lynch, D. Garland, M. Jordan, W. Lieber, H. Chavez, D. Sykes, J. Gomez, J. Carothers, D. Calderon, E. Baker, G. Herrera, M. Saavedra, and P. Brennfleck*

SA2022300303
36253685.docx

# CERTIFICATE OF SERVICE

Case Name:   **Zaragoza, et al v. Lynch, et al.**          No.   **2:21-cv-02294 KJM KJN**

I hereby certify that on June 14, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL BY DEFENDANTS CALDERON, BAKER, HERRERA, SAAVEDRA, AND BRENNFLECK**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 14, 2022, at Sacramento, California.

|  M. Garcia  |  */s/ M. Garcia*  |
|  Declarant  |  Signature  |

SA2022300303
36253876.docx