Rob Bonta, State Bar No. 202668
Attorney General of California
Jon S. Allin, State Bar No. 155069
Supervising Deputy Attorney General
David E. Kuchinsky, State Bar No. 292861
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA  94244-2550
 Telephone:  (916) 210-7666
 Facsimile:  (916) 324-5205
 E-mail: David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants J. Lynch, D. Garland, M. Jordan, W. Lieber, H. Chavez, D. Sykes, J. Gomez, J. Carothers, D. Calderon, E. Baker, G. Herrera, M. Saavedra, and P. Brennfleck*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MA ROSARIO BUENO ZARAGOZA, an individual; ESTATE OF LUIS GIOVANNY AGUILAR, deceased, by his successor-in-interest Ma Rosario Bueno Zaragoza**,<br><br>Plaintiffs,<br><br>v.<br><br>**JEFFREY W. LYNCH, an individual, and DOES 1 through 30, inclusive,**<br><br>Defendants. | Case No. 2:21-cv-02294 TLN-JDP<br><br>**JOINT NOTICE OF MOTION AND MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER; POINTS AND AUTHORITIES; JOINT STIPULATION** |

**TO ALL PARTIES, BY AND THROUGH THEIR ATTORNEYS OF RECORD, AND TO THE HONORABLE COURT:**

**PLEASE TAKE NOTICE** that the parties jointly request that the Court modify the pretrial scheduling order (ECF Nos. 6 and 47) to reopen discovery for the limited purpose of taking the deposition of inmate-witness Cody Taylor and filing any motions and resolving any disputes that may arise during Taylor's deposition.  The parties also jointly request to extend the expert

disclosure, supplemental discovery, and dispositive motion deadlines by forty-five days,[1] as Taylor's deposition testimony is necessary and material to the parties' respective experts' reviews and analysis.

As set forth in the attached stipulation, the parties properly noticed Taylor's deposition within the discovery period and served him with a proper subpoena, however, Taylor filed a motion to quash the subpoena and the Court ordered the parties not to proceed with Taylor's deposition until resolution of the motion. After hearing on November 2, 2023, the Court denied Taylor's motion, and noted that the parties would need to request a modification of the scheduling order to proceed with Taylor's deposition. As noted in Defendants' opposition to Taylor's motion, and as argued in the hearing, Taylor is a material and necessary witness in this case, as he was one of the two inmates who stabbed and killed inmate Aguilar, and Taylor has claimed on multiple occasions that he has additional information that is critical to this case.

Accordingly, now that Taylor's motion has been denied, the parties jointly request that the Court reopen discovery for the limited purpose of deposing Taylor and filing motions and resolving any disputes that may arise during the deposition. The parties request that the Court allow them thirty days from the date of the order to depose Taylor. The parties further request that any motions regarding issues that arise during Taylor's deposition be due within fourteen days of Taylor's deposition.

///
///
///

---

[1] The parties request 45 days in part due to the upcoming holidays and anticipated time out of office for both attorneys and experts, in an effort to avoid any additional requests for modifications.

In addition, the parties jointly request that the following deadlines be set, in order to allow the parties' respective experts sufficient time to review Taylor's testimony and factor it into any opinion or conclusion they may draw. The parties request the following proposed deadlines be set:

1. Expert disclosure deadline – January 16, 2024
2. Supplemental discovery deadline – April 12, 2024
3. Dispositive motion deadline – May 13, 2024

Dated: November 9, 2023

*/s/ Claudia C. Bohorquez(as authorized on 11/09/23*
Claudia C. Bohorquez
*Attorney for Plaintiff Zaragoza*

Dated:  November 9, 2023

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/s/ DAVID E. KUCHINSKY*
DAVID E. KUCHINSKY
Deputy Attorney General
*Attorneys for Defendants J. Lynch, D. Garland, M. Jordan, W. Lieber, H. Chavez, D. Sykes, J. Gomez, J. Carothers, D. Calderon, E. Baker, G. Herrera, M. Saavedra, and P. Brennfleck*

# POINTS AND AUTHORITIES

A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson,* 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Here good cause exists to modify the scheduling order by reopening discovery for the limited purpose of taking inmate-witness Cody Taylor's deposition and for filing any motions and resolving any disputes that may arise during the deposition. Taylor is a material and necessary witness to this case, which involves the in-custody murder of inmate Luis Aguilar by inmates Taylor and Anthony Rodriguez, and he has stated on multiple occasions that he has additional information about the case that is not yet known to any party. (Taylor Mot. to Quash at 2-3, ECF No. 51; Opp to Mot. to Quash at 3, ECF No. 57.)

On September 15, 2023, the parties properly noticed Taylor's deposition and served him with the appropriate subpoena to testify at his deposition on October 2, 2023, which was within the discovery period. (Opp. to Mot. to Quash at 3 & Ex. A, ECF No 57.) On September 25, 2023, Taylor filed what the Court interpreted as a motion to quash the subpoena, and on October 3, 2023, the Court issued an order prohibiting the parties from proceeding with Taylor's deposition until the motion was resolved, and set a hearing for November 2, 2023. (Mot for an Injunction, ECF No. 51; September 27, 2023, Minute Order, ECF No. 52; October 3, 2023, Minute Order, ECF No. 53.) On November 2, 2023, after oral argument, the Court denied Taylor's motion to quash and directed the parties to move to reopen discovery for the purpose of taking Taylor's deposition. (November 2, 2023, Minutes; ECF No. 59; November 3, 2023, Order, ECF No. 60.)

Counsel for the parties have worked in good faith to conduct discovery and take Taylor's deposition within the discovery period set by the Court. Because of Taylor's pending motion to quash, the parties were prohibited from taking his deposition before the October 2, 2023, fact discovery cut-off. (October 3, 2023, Minute Order, ECF No. 53.) However, now that Taylor's motion has been denied, there is good cause to reopen discovery for the limited purpose of taking Taylor's deposition and resolving any disputes that may arise during Taylor's deposition. The parties request thirty days form the date of the Court's order to depose Taylor and that any motions relating to Taylor's deposition testimony be filed no later than fourteen days after the deposition.

The parties jointly agree that reopening non-expert discovery for this limited purpose is necessary to prosecuting and defending this case, and that no party would be prejudiced by the extension, as no trial date has yet been set and the parties share the need for additional time to conduct discovery. Similarly, the parties jointly agree that the parties' respective experts need Taylor's deposition testimony in order to fully review the evidence in this case and offer opinions. Because the expert disclosure deadline is less than thirty days away and the Court has not yet granted the parties permission to depose Taylor, and in light of the upcoming holidays, the parties respectfully request that the Court extend the expert disclosure, supplemental discovery, and dispositive motion deadlines by 45 days each to the following dates:

1. Expert disclosure deadline – January 16, 2024
2. Supplemental discovery deadline – April 12, 2024
3. Dispositive motion deadline – May 13, 2024

///
///
///

| | |
|---|---|
| Dated: November 9, 2023 | Respectfully submitted |
| | ***/s/ Claudia C. Bohorquez (as authorized on 11/09/23***<br>Claudia C. Bohorquez<br>Attorney for Plaintiff Zaragoza |
| Dated:  November 9, 2023 | ROB BONTA<br>Attorney General of California<br>JON S. ALLIN<br>Supervising Deputy Attorney General |
| | ***/S/ DAVID E. KUCHINSKY***<br>DAVID E. KUCHINSKY<br>Deputy Attorney General<br>*Attorneys for Defendants J. Lynch, D. Garland, M. Jordan, W. Lieber, H. Chavez, D. Sykes, J. Gomez, J. Carothers, D. Calderon, E. Baker, G. Herrera, M. Saavedra, and P. Brennfleck* |

## JOINT STIPULATION

The parties, having met and conferred, jointly stipulate as follows:

1. On September 15, 2023, the parties properly noticed Taylor's deposition and served him with the appropriate subpoena to testify at his deposition on October 2, 2023, which was within the discovery period. (Opp. to Mot. to Quash at 3 & Ex. A, ECF No 57.)

2. On September 25, 2023, Taylor filed what the Court interpreted as a motion to quash the subpoena, and on October 3, 2023, the Court issued an order prohibiting the parties from proceeding with Taylor's deposition until the motion was resolved, and set a hearing for November 2, 2023. (Mot for an Injunction, ECF No. 51; September 27, 2023, Minute Order, ECF No. 52; October 3, 2023, Minute Order, ECF No. 53.)

3. On November 2, 2023, after oral argument, the Court denied Taylor's motion to quash and directed the parties to move to reopen discovery for the purpose of taking Taylor's deposition. (November 2, 2023, Minutes; ECF No. 59; November 3, 2023, Order, ECF No. 60.)

4. Counsel for the parties have worked in good faith to diligently conduct discovery and take Taylor's deposition within the discovery period set by the Court, but because of Taylor's pending motion to quash, the parties were prohibited from taking his deposition before the October 2, 2023, fact discovery cut-off. (Mot for an Injunction, ECF No. 51; September 27, 2023, Minute Order, ECF No. 52; October 3, 2023, Minute Order, ECF No. 53.)

5. Now that Taylor's motion has been denied, there is good cause to reopen discovery for the limited purpose of taking Taylor's deposition and resolving any disputes that may arise during Taylor's deposition. The parties request thirty days from the date of the Court's order to depose Taylor and that any motions relating to Taylor's deposition testimony be filed no later than fourteen days after the deposition.

6. The parties jointly agree that reopening non-expert discovery for this limited purpose is necessary to prosecuting and defending this case, and that no party would be prejudiced by the extension, as no trial date has yet been set and the parties share the need for additional time to conduct discovery.

/ / /

7. The parties jointly agree that the parties' respective experts need Taylor's deposition testimony in order to fully review the evidence in this case and offer their opinions.

8. Because the expert disclosure deadline is less than thirty days away and the Court has not yet granted the parties permission to depose Taylor, and in light of the upcoming holidays and anticipated time out of office, the parties respectfully request that the Court extend the expert disclosure, supplemental discovery, and dispositive motion deadlines by 45 days each, to the following dates:

   1. Expert disclosure deadline – January 16, 2024
   2. Supplemental discovery deadline – April 12, 2024
   3. Dispositive motion deadline – May 13, 2024

SO STIPULATED:

Dated: November 9, 2023

*/s/ Claudia C. Bohorquez (as authorized on 11/09/23)*
Claudia C. Bohorquez
Attorney for Plaintiff Zaragoza

Dated:  November 9, 2023

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/S/ DAVID E. KUCHINSKY*
DAVID E. KUCHINSKY
Deputy Attorney General
*Attorneys for Defendants J. Lynch, D. Garland, M. Jordan, W. Lieber, H. Chavez, D. Sykes, J. Gomez, J. Carothers, D. Calderon, E. Baker, G. Herrera, M. Saavedra, and P. Brennfleck*

SA2022300303/37658603.docx