Rob Bonta, State Bar No. 202668
Attorney General of California
Jon S. Allin, State Bar No. 155069
Supervising Deputy Attorney General
David E. Kuchinsky, State Bar No. 292861
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA  94244-2550
 Telephone:  (916) 210-7666
 Facsimile:  (916) 324-5205
 E-mail: David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants J. Lynch, D. Garland, M. Jordan, W. Lieber, H. Chavez, D. Sykes, J. Gomez, J. Carothers, D. Calderon, E. Baker, G. Herrera, M. Saavedra, and P. Brennfleck*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MA ROSARIO BUENO ZARAGOZA**, an individual; **ESTATE OF LUIS GIOVANNY AGUILAR**, deceased, by his successor-in-interest Ma Rosario Bueno Zaragoza,<br><br>Plaintiffs,<br><br>v.<br><br>**JEFFREY W. LYNCH**, an individual, and **DOES 1 through 30, inclusive,**,<br><br>Defendants. | Case No. 2:21-cv-02294 TLN-JDP<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR FOR AN ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE; REQUEST TO VACATE DEADLINES; DECLARATION OF DAVID E. KUCHINSKY**<br><br>Judge:         Hon. Jeremey D. Peterson<br>Trial Date:    TBD<br>Action Filed:  December 10, 2021 |

## INTRODUCTION

After the Court denied inmate-witness Cody Taylor's motion to quash his deposition subpoena and granted Defendants permission to depose Taylor, Taylor refused to appear for his deposition on December 4, 2023. As one of the inmates who murdered inmate Aguilar, which is the subject of this lawsuit, he is a material and necessary witness and Defendants cannot proceed with this case until he is deposed. There was no legal basis for Taylor's failure to attend his deposition and obey the order. Accordingly, Defendants respectfully apply for an order to show

1

Mem. P. & A. in Supp. of Defs' App. For O.S.C. re: Contempt; Decl. Kuchinsky  (2:21-cv-02294 TLN-JDP)

cause why a contempt citation should not issue and set a hearing to determine the issue. In addition, because Taylor's deposition testimony is necessary and material to this case, including for the preparation of expert witness reports and disclosures, Defendants respectfully request that the Court vacate the expert disclosure, supplemental disclosure, and dispositive motion deadlines pending resolution of the order to show cause.

## ARGUMENT

**I.  THE COURT SHOULD ISSUE AN ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE.**

Under Federal Rule of Civil Procedure 30, a party may depose any person, including a non-party material witness, by oral examination. Fed. R. Civ. P 30. Under Federal Rule of Civil Procedure 37, a party may move for an order compelling discovery, including attending and participating in a properly noticed deposition. Fed. R. Civ. P. 37(a).

A non-party witness must attend a deposition within 100 miles of where they reside when served with a subpoena under Rule 45. Fed. R. Civ. P 45. A witness who fails to obey a subpoena or an order related to it, without adequate excuse, may be held in contempt. Fed. R. Civ. P. 45(g). A subpoena issued by an attorney is considered a court order for purposes of contempt proceedings under Federal Rule of Civil Procedure 45(g). *U.S. S.E.C. v. Hyatt,* 621 F.3d 687, 693-694 (7$^t$h Cir. 2010).

"[C]ivil contempt may be employed to coerce a [witness] into compliance with the court's order and to compensate for losses sustained by the disobedience. *McDonald's Corp. v. Victory Inv.,* 727 F.2d 82, 87 (3d. Cir. 1984). "Contempt proceedings are instituted by the issuance of an Order to Show Cause why a contempt citation should not issue and a notice of a date for the hearing." *Alcalda v. NAC Real Estate Investments & Assignments, Inc.,* (580 F.Supp.2d 969, 971 (C.D. Cal. 2008).

Inmate-witness Cody Taylor is a material witness to this case, as he was one of the inmates who murdered inmate Aguilar, and has since claimed on several occasions that CDCR staff members assisted him in the murder. (Mot. for Injunction/Quash at 2-3, ECF No. 51; Opp. to Mot. for Injunction/Quash at 6, ECF No. 57.) Taylor's deposition was originally noticed for

2

Mem. P. & A. in Supp. of Defs' App. For O.S.C. re: Contempt; Decl. Kuchinsky  (2:21-cv-02294 TLN-JDP)

1  October 2, 2023, but he filed a motion for an injunction prohibiting the deposition, which the
2  court interpreted as a motion to quash the subpoena.  (Mot. for Injunction/Quash, ECF No. 51;
3  Opp. to Mot. for Injunction/Quash at 6 and Ex. A, ECF No. 57.)
4        On November 2, 2023, the Court denied inmate-witness Cody Taylor's motion to quash his
5  deposition subpoena, finding no legal basis why the deposition should not move forward.
6  (Minute Order, ECF No. 59.)  On November 13, 2023, the Court granted Defendants permission
7  to depose Taylor within thirty days and file any motions relating to his deposition testimony
8  within fourteen days of the deposition.  (Order Granting Mot. to Modify, ECF No. 62.)  Taylor's
9  deposition was properly noticed for December 4, 2023, and a subpoena was personally served
10 upon him on November 16, 2023.  (Kuchinsky Declaration ¶ 3 & Ex. A.)  However, on December
11 4, 2023, defense counsel was informed that Taylor refused to attend his deposition and staff
12 completed a 128B informational chrono to document the refusal.  (Kuchinsky Decl. ¶ 4 & Ex. B.)
13       Defense counsel cannot adequately represent Defendants without deposing inmate-witness
14 Taylor.  (*Id.* ¶ 5.)  Taylor is one of the primary witnesses in this case, as he was one of the
15 inmates who murdered inmate Aguilar, and has made claims on several occasions that staff
16 facilitated the murder.  (*Id.*)  Plaintiff is proceeding on claims that staff facilitated the murder, and
17 defense counsel cannot fully understand the claims or the extent of the evidence and thus cannot
18 evaluate the merits of Plaintiff's claims, prepare a defense, or present Defendants' case at trial
19 without deposing Taylor.  (*Id.*)
20       Pursuant to Federal Rule of Civil Procedure 45, Defendants respectfully apply for an order
21 to show cause why a contempt citation should not issue for Taylor's failure to obey the deposition
22 subpoena and the Court's orders.  Defendants properly served Taylor with a subpoena to testify at
23 his deposition and the Court denied Taylor's motion to quash and granted Defendants permission
24 to depose Taylor.  Taylor refused to appear for his deposition and thus was in violation of that
25 subpoena and the Court's order.
26       Accordingly, Defendants request that the Court issue an order to show cause why a
27 contempt citation should not issue for Taylor's failure to obey the deposition subpoena and the
28 Court's orders.

3

Mem. P. & A. in Supp. of Defs' App. For O.S.C. re: Contempt; Decl. Kuchinsky  (2:21-cv-02294 TLN-JDP)

**II.  THE COURT SHOULD STAY THE EXPERT DISCLOSURE, SUPPLEMENTAL DISCLOSURE, AND DISPOSITIVE MOTION DEADLINES PENDING RESOLUTION OF THE ORDER TO SHOW CAUSE.**

A scheduling order may be modified only upon a showing of good cause and by leave of Court.  Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion).  In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification.  *Johnson,* 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment).  When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires.  Fed. R. Civ. P. 6(b)(1)(A).

Here good cause exists to modify the scheduling order by vacating the expert disclosure, supplemental disclosure, and dispositive motion deadlines because the parties need to depose Taylor in order to complete expert reports and disclosures.  Taylor was one of the inmates who murdered inmate Aguilar and has made claims on multiple occasions that guards were involved.  Defendants' expert witnesses require Taylor's testimony to complete their review and reports, as he possesses knowledge of unique facts pertinent to both the claims of conspiracy and deliberate indifference.  For the same reason, defense counsel cannot fully evaluate the merits of Plaintiff's claims or prepare a dispositive motion without Taylor's testimony.

Accordingly, to avoid future requests for modifications of the schedule in this case, Defendants request that the Court vacate the expert disclosure, supplemental disclosure, and dispositive motion deadlines and reset them upon resolution of the order to show cause.

/ / /

/ / /

/ / /

4

Mem. P. & A. in Supp. of Defs' App. For O.S.C. re: Contempt; Decl. Kuchinsky  (2:21-cv-02294 TLN-JDP)

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court issue an order to show cause why a contempt sanction should not issue for inmate-witness Cody Taylor's failure to comply with his deposition subpoena and the Court's orders, and to set a hearing on the order to show cause. Defendants further request that the Court vacate the expert disclosure, supplemental disclosure, and dispositive motion deadlines to be reset upon resolution of the order to show cause in light of the importance and necessity of deposing Taylor prior to moving forward in this case.

Dated: December 15, 2023

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General


*/S/ DAVID E. KUCHINSKY*


DAVID E. KUCHINSKY
Deputy Attorney General
*Attorneys for Defendants J. Lynch, D. Garland, M. Jordan, W. Lieber, H. Chavez, D. Sykes, J. Gomez, J. Carothers, D. Calderon, E. Baker, G. Herrera, M. Saavedra, and P. Brennfleck*

5

Mem. P. & A. in Supp. of Defs' App. For O.S.C. re: Contempt; Decl. Kuchinsky  (2:21-cv-02294 TLN-JDP)

# DECLARATION OF DAVID E. KUCHINSKY

I, David E. Kuchinsky, declare:

1. I am employed by the California Department of Justice as a Deputy Attorney General. I am licensed to practice before all of the courts of the State of California, as well as the United States District Court for the Eastern District of California. I represent Defendants Lynch, Garland, Jordan, Lieber, Chavez, Sykes, Gomez, Carothers, Calderon, Baker, Herrera, Saavedra, and Brennfleck in this action.

2. Plaintiff alleges in this case that inmate Luis Aguilar was murdered by inmates Cody Taylor, Anthony Rodriguez, and Deon Green on December 12, 2019, and that staff was involved and facilitated the murder.

3. On November 2, 2023, the Court denied Taylor's motion to quash his deposition subpoena and granted Defendants permission to depose Taylor. On November 16, 2023, I caused Taylor to be served with a deposition notice and third party subpoena to testify at a deposition on December 4, 2023. A true and correct copy of the notice and subpoena with proof of service are attached hereto as Exhibit A.

4. On December 4, 2023, I was informed that Taylor refused to attend the deposition. I was provided a CDCR 128B chrono documenting the refusal. A true and correct copy of the chrono is attached hereto as Exhibit B.

5. I cannot adequately represent my clients without deposing inmate-witness Taylor. Taylor is one of the primary witnesses in this case, as he was one of the inmates who murdered inmate Aguilar, and has made claims on several occasions that staff facilitated the murder. Plaintiff is proceeding on claims that staff facilitated the murder, and I cannot fully understand the claims or the extent of the evidence and thus cannot evaluate the merits of Plaintiff's claims, prepare a defense, or present Defendants' case at trial without deposing Taylor.

6. In addition, my expert witnesses cannot fully evaluate this case or complete their reviews or reports without Taylor's testimony. Taylor purports to offer unique testimony about the homicide, pertinent both to the conspiracy and deliberate indifference claims.

///

6

Mem. P. & A. in Supp. of Defs' App. For O.S.C. re: Contempt; Decl. Kuchinsky  (2:21-cv-02294 TLN-JDP)

7. In order to adequately represent my clients and prepare an appropriate defense, I request that the Court vacate the expert disclosure, supplemental disclosure, and dispositive motion deadlines to be reset upon resolution of the order to show cause.

8. On December 15, 2023, I met and conferred with Plaintiff's counsel to discuss this application for an order to show cause. Plaintiff's counsel is in agreement with the application and request to vacate the pending deadlines and reset them upon resolution of the order to show cause.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of December 2023, in Sacramento, California.

/s/ *David E. Kuchinsky*
DAVID E. KUCHINSKY
Deputy Attorney General
Counsel for Defendants

SA2022300303
37740252.docx

7

Mem. P. & A. in Supp. of Defs' App. For O.S.C. re: Contempt; Decl. Kuchinsky  (2:21-cv-02294 TLN-JDP)

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff* | ) ) ) | Civil Action No. |
| v. | ) ) ) |  |
| *Defendant* | ) |  |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❏ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|

The deposition will be recorded by this method:

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____       *David E. Kuchinsky*
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:21-cv-02294-TLN-JDP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* CODY TAYLOR
on *(date)* 11/15/23 .

☑ I served the subpoena by delivering a copy to the named individual as follows: IN PERSON

on *(date)* 11/16/23 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ 0.00 .

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/16/23

*Server's signature*

M. GIBSON, CC 1
*Printed name and title*

44750 60th ST WEST LANCASTER CA 93536
*Server's address*

Additional information regarding attempted service, etc.:

ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7666
  Fax: (916) 324-5205
  E-mail: David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants J. Lynch, D. Garland, M. Jordan, W. Lieber, H. Chavez, D. Sykes, J. Gomez, J. Carothers, D. Calderon, E. Baker, G. Herrera, M. Saavedra, and P. Brennfleck*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **Ma Rosario Bueno Zaragoza, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**Jeffrey W. Lynch, et al.,**<br><br>Defendants. | 2:21-cv-02294-TLN-JDP<br><br>**NOTICE OF TAKING INMATE-WITNESS CODY TAYLOR'S DEPOSITION VIA VIDEO CONFERENCE**<br><br>Date: December 4, 2023<br>Time: 10:00 a.m.<br>Location: California State Prison,<br>Los Angeles County<br>44750 60th Street West<br>Lancaster, CA 93536 |

**TO PLAINTIFF MA ROSARIO BUENO ZARAGOZA, BY AND THROUGH HER ATTORNEY OF RECORD, CLAUDIA C. BOHORQUEZ, AND TO INMATE-WITNESS CODY TAYLOR (AP2001):**

**PLEASE TAKE NOTICE** that at 10:00 a.m. on the 4th day of December 2023, at California State Prison, Los Angeles County, located at 44750 60th Street West, Lancaster, CA 93536, Defendants will take the deposition of inmate-witness Cody Taylor, upon oral examination, and conducted before a certified shorthand reporter, pursuant to Rule 30 of the

1

Federal Rules of Civil Procedure. The deposition will be recorded stenographically and continue from day to day until completed.

The deposition will take place by video-conferencing with Defendants' counsel in Sacramento and inmate-witness Taylor at California State Prison, Los Angeles County in Lancaster, CA, via video conference. Plaintiff's counsel will appear remotely from a video-conference location to be determined. The certified shorthand reporter will also appear by video-conference from a location to be determined.

Dated: November 16, 2023　　　　　　　　　　Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General


**/s/ David E. Kuchinsky**


DAVID E. KUCHINSKY
Deputy Attorney General
*Attorneys for Defendants J. Lynch,
D. Garland, M. Jordan, W. Lieber,
H. Chavez, D. Sykes, J. Gomez,
J. Carothers, D. Calderon, E. Baker,
G. Herrera, M. Saavedra, and P. Brennfleck*

SA2022300303
37671577.docx

2

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Zaragoza, et al v. Lynch, et al.**
No.:              **2:21-cv-02294 TLN-JDP**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>November 16, 2023</u>, I served the attached **NOTICE OF TAKING INMATE-WITNESS CODY TAYLOR'S DEPOSITION VIA VIDEO CONFERENCE** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Cody Taylor (AP2001)
California Health Care Facility
7707 Austin Road
Stockton, CA 95215
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 16, 2023, at Sacramento, California.

| J. Lemus Arreola | */s/ J. Lemus-Arreola* |
|:---:|:---:|
| Declarant | Signature |

SA2022300303
37671634.docx

# EXHIBIT "B"

| | | |
|---|---|---|
| DATE: 12/4/2023 | (Informational) | GENERAL CHRONO |
| CDCR NAME and CDCR # | (AP2001, FA3-112L) | CDC-128 |

On December 4, 2023, at approximately 0955 hours INMATE TAYLOR (AP2001) entered the A Facility Treatment Center. As I took my handcuffs out of my holster, to handcuff TAYLOR to the Ad Seg EOP Treatment Center where he would attend his video conference, TAYLOR explained to me that he needed to be placed in waist restraints. TAYLOR then stated to me that he did not want to attend his evaluation. TAYLOR exited the A Facility Treatment Center and refused to attend his scheduled video conference at 1000.


ORGIN:  Central File



J. Gonzalez

Correctional Officer
California State Prison-Sacramento