ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
BRIAN S. CHAN, State Bar No. 299926
Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA  94244-2550
 Telephone:  (916) 210-7666
 Facsimile:  (916) 324-5205
 E-mail: David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants J. Lynch, D. Garland,
M. Jordan, W. Lieber, H. Chavez, D. Sykes,
J. Gomez, J. Carothers, D. Calderon, E. Baker,
G. Herrera, M. Saavedra, and P. Brennfleck*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MA ROSARIO BUENO ZARAGOZA, an individual; ESTATE OF LUIS GIOVANNY AGUILAR, deceased, by his successor-in-interest Ma Rosario Bueno Zaragoza,**<br><br>Plaintiffs,<br><br>v.<br><br>**JEFFREY W. LYNCH, an individual, and DOES 1 through 30, inclusive,**<br><br>Defendants. | 2:21-cv-02294 TLN-JDP<br><br>**DECLARATION OF H. CHAVEZ IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, H. Chavez, hereby declare:

1.  I have personal knowledge of the facts set forth in this declaration.  I am competent to testify to the matters set forth in this declaration, and if called upon by the Court, I would do so.

1

2. During the events at issue, I was employed by the California Department of Corrections and Rehabilitation (CDCR) as a Correctional Officer at California State Prison, Sacramento, which is located in Represa, California. During the relevant time frame, I was assigned to the Facility B-8 Long Term Restricted Housing (LTRH) unit. As a correctional officer in the LTRH, my duties included supervising inmates and maintaining order, responding to incidents, and searching and escorting inmates to the various programs, activities, and services offered, including medical and mental health services, law library, educational services, recreation, and outside appointments and court dates. I was responsible for feeding inmates at their cells and conducting welfare checks on inmates within their cells every half hour. I was also responsible for escorting medical and non-custody staff through the LTRH when they needed to enter to interact with the inmates.

3. To conduct the twice-hourly welfare checks, I was required to walk up to each cell door, make sure I could see the inmate inside living and breathing, conduct a visual scan of the inside of the cell for contraband and damage, and log the welfare check by tapping an electronic "pipe" device to a pad on the cell door. This was sometimes a slow process, and I needed to check each and every cell in the unit twice each hour. Often, I would start the next set of welfare checks immediately after I had finished the previous set of welfare checks.

4. Prior to December 12, 2019, I was unaware there was any serious risk that inmates Green, Taylor, or Rodriguez would harm inmate Aguilar; I was unaware of any reason why these three inmates would want to harm Aguilar; and I did not have any advance knowledge that Green, Taylor, or Rodriguez would attack Aguilar. I had never heard from anyone that Aguilar was going to be attacked or that he was at risk of any harm on December 12, 2019. I was aware of the previous incident from October 10, 2019, where Taylor and Rodriguez escaped and attacked an inmate in the dayroom, but did not witness or respond to that incident.

5. On December 12, 2019, I was not in the dayroom when inmates Taylor, Rodriguez, or Aguilar were escorted to the restart chairs and did not participate in searching, restraining, or escorting of the inmates to the dayroom. At approximately 10:05 a.m., I was performing my duties by conducting welfare checks in a different section of the building when a Code 1 was

2

Decl. of H. Chavez in Supp. Of Defs.' Mot. Summ. J. (2:21-cv-02294 TLN-JDP)

announced on the institutional radio and the alarm sounded. I did not respond to the radio call, but continued conducting welfare checks, mistakenly believing that I was required to complete them before responding. When I completed my welfare checks, the incident had already ended.

6. I did not respond to the incident, did not witness the incident, and did not write a report about the incident. On December 12, 2019, I did not know what was occurring in the LTRH dayroom. I have since learned that Taylor and Rodriguez escaped their restraints, retrieved weapons, and attacked Aguilar. Because I was in a different section of the unit conducting checks, I would have needed the control booth officer to open the section door to allow me back into the rotunda area, which would have increased my response time. Once I got to the section door, the control booth officer would still have to open the door before I could enter. And, based on my training and unit policy, if the inmates had escaped restraints within the dayroom, I would not immediately enter to confront the inmates, but would assemble a sufficient number of properly equipped staff and enter in a planned and coordinated manner.

7. I did not hear officer Lieber announce that the inmates were manipulating their restraints on December 12, 2019. Nor did I hear Sergeant Calderon announcing that inmates were out of their restraints in the dayroom. Had one of them told me this, I would have alerted the other floor staff and investigated what the inmates were doing. I do not recall hearing any staff member issue an order to close the section door during the incident.

8. I did not take any action, refrain from taking any action, or intentionally delay taking any action to enable Taylor and Rodriguez's attack on Aguilar. I did not have any prior knowledge that there would be an attack on Aguilar, and if I had such knowledge, I would have reported that information to my superiors and taken appropriate steps to ensure Aguilar's safety.

///
///
///
///
///
///

3

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed: January 23, 2025, at Ione, California.

　　　**/s/ H. Chavez**

H. Chavez

(Original retained by counsel.)

SA2022300303
Chavez - Declaration.docx

4

Decl. of H. Chavez in Supp. Of Defs.' Mot. Summ. J.  (2:21-cv-02294 TLN-JDP)