ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
BRIAN S. CHAN, State Bar No. 299926
Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA  94244-2550
 Telephone:  (916) 210-7666
 Facsimile:  (916) 324-5205
 E-mail: David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants J. Lynch, D. Garland, M. Jordan, W. Lieber, H. Chavez, D. Sykes, J. Gomez, J. Carothers, D. Calderon, E. Baker, G. Herrera, M. Saavedra, and P. Brennfleck*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MA ROSARIO BUENO ZARAGOZA, an individual; ESTATE OF LUIS GIOVANNY AGUILAR, deceased, by his successor-in-interest Ma Rosario Bueno Zaragoza,**<br><br>Plaintiffs,<br><br>v.<br><br>**JEFFREY W. LYNCH, an individual, and DOES 1 through 30, inclusive,**<br><br>Defendants. | 2:21-cv-02294 TLN-JDP<br><br>**DECLARATION OF M. SAAVEDRA IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, M. Saavedra, hereby declare:

1. I have personal knowledge of the facts set forth in this declaration. I am competent to testify to the matters set forth in this declaration, and if called upon by the Court, I would do so.

1

2. During the events at issue, I was employed by the California Department of Corrections and Rehabilitation (CDCR) as a correctional sergeant at California State Prison, Sacramento, which is located in Represa, California. During the events at issue, I was assigned to the Facility B-8 Long Term Restricted Housing (LTRH) section, but I was on extended leave from November 1, 2019, through January 14, 2020, and was not at the prison at any point during that time.

3. As a correctional sergeant for the LTRH, my responsibilities included coordinating oversight of correctional officers in the unit, including ensuring that search and restraint procedures were followed, that programming ran on time and services were offered to the inmates pursuant to policy, responded to incidents in the unit, and provided additional supervision during the dayroom search, escort, and restraint procedure

4. I responded to an incident on October 10, 2019, when LTRH inmates Taylor and Rodriguez escaped their restart chairs in the dayroom and attacked a third inmate. I heard a radio transmission requesting a Code 1 response, and immediately went to the LTRH, where I saw Taylor and Rodriguez pacing around the dayroom unrestrained, while the third inmate was injured in his restart chair. We entered the unit when it was safe to do so, restrained the inmates, and then escorted them for medical evaluations. Staff, including myself, did not know how Taylor and Rodriguez had defeated their restraints.

5. I was subsequently injured and went out on extended leave on November 1, 2019. Between October 10, 2019, and November 1, 2019, there were no issues with Taylor or Rodriguez escaping their restraints or threatening or attacking any other inmates that I was aware of or had been told about.

6. I do not have an independent recollection of meeting Aguilar, as I believe I was already on leave when he arrived in the LTRH. At no time did I have any reason to believe Aguilar was in danger from inmates Taylor, Rodriguez, Green, or any other inmate. I never received any information indicating there were safety concerns about these or any other inmates. Taylor, Rodriguez, and Green had never expressed to me or to any staff I was aware of any desire to hurt Aguilar, or any other inmate, before I left on leave.

2

Decl. of M. Saavedra in Supp. Of Defs.' Mot. Summ. J. (2:21-cv-02294 TLN-JDP)

7. Prior to going on leave on November 1, 2019, and prior to December 12, 2019, I was unaware there was any serious risk that inmates Green, Taylor, or Rodriguez would harm inmate Aguilar; I was unaware of any reason why these three inmates would want to harm Aguilar; and I did not have any advance knowledge that Green, Taylor, or Rodriguez would attack Aguilar.

8. I was not working on December 12, 2019, did not know who was housed in the LTRH on December 12, 2019, did not know who would be in the dayroom, and did not have any knowledge the incident even occurred until I returned to work after my extended leave. I did not know Taylor or Rodriguez intended to cause any harm to Aguilar or any other inmate on December 12, 2019. I did not even know whether Aguilar, Taylor, or Rodriguez were still housed in the LTRH on that date.

9. I never instructed any officer or staff member to apply restraints incorrectly on either Rodriguez or Taylor. I do not know or have reason to believe that any other supervising officer ever instructed any other staff member to not double-lock Rodriguez's and Taylor's mechanical restraints. I do not know and have no reason to believe that Officer Sykes or any other officer intentionally failed to secure Rodriguez's and Taylor's mechanical restraints.

10. I did not take any action, refrain from taking any action, or intentionally delay taking any action to enable Taylor and Rodriguez's attack on Aguilar on December 12, 2019. I had not been at work for more than five weeks and had not had any interaction with any of the inmates since I left. I did not have any prior knowledge that there would be an attack on Aguilar, and if I had such knowledge, I would have reported that information to my superiors and taken appropriate steps to ensure Aguilar's safety.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3

Decl. of M. Saavedra in Supp. Of Defs.' Mot. Summ. J. (2:21-cv-02294 TLN-JDP)

1 | I declare under penalty of perjury that the foregoing statements are true and correct.

2 | Executed: January 23, 2025, at Sacramento, California.

        _____/s/ M. Saavedra_____

M. Saavedra

(Original retained by counsel.)

SA2022300303
Saavedra Declaration.docx

4

Decl. of M. Saavedra in Supp. Of Defs.' Mot. Summ. J. (2:21-cv-02294 TLN-JDP)